19 P.3d 1255

**STATE of Arizona, Appellee,**

v.

**Valerie Sue SKIBA, Appellant.**

**No. 1 CA–CR 00–0457.**

Court of Appeals of Arizona, Division 1, Department B.

March 29, 2001.

**540**

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Doriane F. Leibowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Law Office of Treasure VanDreumel, P.L.C. by Treasure VanDreumel, Phoenix, Attorneys for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Valerie Sue Skiba appeals her conviction for aggravated driving while under the influence of intoxicating liquor ("DUI"), specifically, driving a vehicle while she was impaired and while her driver's license was restricted as a result of a prior DUI offense. The trial court instructed the jury that the State needed to prove only that there was a restriction on Skiba's license when she was arrested for DUI, but Skiba insists that the State had to prove that she violated the specific restriction when she was arrested. Because the court properly interpreted the statute, we reject Skiba's argument and affirm her conviction and the disposition.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 A Phoenix police officer stopped Skiba shortly after 10:00 p.m. on December 3, 1998, after he observed that she was driving erratically. When tested, Skiba displayed all six cues of impairment during a horizontal gaze nystagmus analysis performed at the scene. Given the results of that test, as well as other signs of alcohol-related impairment Skiba displayed, the officer concluded that she was intoxicated, and he arrested her for DUI.

¶ 3 When arrested, Skiba was driving on a restricted license that permitted her to drive only between work and home, during specified periods of time while on the job, and between home and a treatment facility for scheduled appointments. This restriction was due to her prior DUI conviction.

¶ 4 At trial, Skiba argued that, even if she had been driving under the influence of alcohol when she was arrested, she was not guilty of aggravated DUI because she was not driving in violation of the particular restrictions that had been placed on her license. She intended to present evidence that she was stopped by the officer while going to her home after a business-related meeting at a restaurant. Because her license permitted her to drive to and from work, Skiba maintained that she was not driving in violation of the restrictions on her license and therefore was not guilty of aggravated DUI.

¶ 5 The trial court rejected Skiba's interpretation of the statute, ruling that the State needed to prove only that she was driving while intoxicated and that she knew or should have known that her license was restricted at the time. It reasoned that determining whether Skiba was driving home from work when she was arrested was irrelevant to the question whether she was driving under the influence of alcohol "while a restriction [was] placed on [her] driver['s] license or privilege to drive."

¶ 6 The jury found Skiba guilty of the charge of aggravated DUI and not guilty of the charge of having a blood-alcohol concentration of .10 or greater while driving with a restricted license. The trial court suspended the imposition of sentence and ordered that Skiba be placed on probation for five years, a term of which included four months in prison.

¶ 7 Skiba challenges the trial court's interpretation of the aggravated DUI statute. Because the issue is an interpretation of a statute, we review the court's ruling *de novo*. *State v. Jensen*, 193 Ariz. 105, 107, ¶ 16, 970 P.2d 937, 939 (App.1998)("Interpretation of a statute is a question of law that we review *de novo*.").

## DISCUSSION

¶ 8 In construing a statute, our goal is "to fulfill the intent of the legislature that wrote it." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996), quoting *State v. Williams,* 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). We consider the statute's language first "because we expect it to be the best and most reliable index of a statute's meaning," *Zamora,* 185 Ariz. at 275, 915 P.2d at 1230 (internal quotes omitted), and, when the statute's language is plain and unambiguous, we follow the text as written. *Canon School Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

¶ 9 The statute according to which Skiba was convicted states:

A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:

1. Commits a violation of section 28–1381, section 28–1382 or this section while the person's driver license or privilege to drive is suspended, canceled, revoked or refused or while a restriction is placed on the person's driver license or privilege to drive as a result of violating section 28–1381, [section] 28–1382 or under section 28–1385.

ARIZ.REV.STAT. ("A.R.S.") § 28–1383(A)(1) (Supp.2000).

¶ 10 This language is unambiguous. It prohibits a person from, among other activities, committing a DUI offense "while a restriction is placed" on her right to drive because of a prior DUI offense. In this case, a restriction was placed on Skiba's license for two months, effective October 31, 1998. Skiba drove under the influence of alcohol during that time and thus "while a restriction [was] placed" on her driving privileges.

¶ 11 Nothing in the words chosen by the legislature suggests, as Skiba argues, that the aggravated DUI statute was intended to apply to a person with a restricted license only if she was arrested for DUI while in violation of a specific restriction imposed upon her license. Rather, the statutory language clearly applies to any person who commits a DUI "while a restriction is placed on the person's driver license or privilege to drive" because of a prior DUI offense.

¶ 12 Even were this interpretation of the statute not evident from its plain language, a review of its history makes it clear that the legislature intended the provision to apply to any person who commits a DUI at any time while her license is restricted. Before 1994, the statute read:

A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:

1. Commits a violation of section 28–692 or this section while the person's driver's license or privilege to drive is suspended, cancelled, revoked or refused, or in violation of a restriction placed on a driver's license as a result of violating section 28–692 or under section 28–694.

A.R.S. § 28–697(A) [now § 28–1383(A)] (1994). A 1994 amendment to the statute, however, replaced the phrase "or in violation of a restriction placed on a driver's license" for the phrase "or the person's driver's license or privilege to drive is restricted." 1994 Ariz. Sess. Laws, ch. 317, § 26. The legislature's obvious intent in amending the statute was to preclude the very interpretation of the provision that Skiba now advances. In light of such a plain declaration of legislative intent in both the language and history of the statute, we reject Skiba's argument.

¶ 13 The conviction and disposition are affirmed.

CONCURRING: JAMES B. SULT, Judge, and CECIL B. PATTERSON, Jr., Judge.