47 P.3d 1145

**STATE of Arizona, Appellee,**

v.

**Antonio Sanchez MARTINEZ, Appellant.**

**No. 1 CA–CR 01–0350.**

Court of Appeals of Arizona, Division 1, Department C.

June 4, 2002.

Janet Napolitano, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Lawrence S. Matthew, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BARKER, Judge.

¶ 1 We consider in this case the affirmative defense of justification for the use of deadly force in crime prevention and how it is affected by the legislative changes to the burden of proof. Ariz.Rev.Stat. ("A.R.S.") §§ 13–411 and 13–205 (2001).

### I.

¶ 2 Antonio Sanchez Martinez ("defendant") and a co-worker, Ledesma, drank some beer together at Ledesma's home after work on September 6, 2000. While at Ledesma's home, defendant called his girlfriend and argued with her. After the call, the girlfriend telephoned the police and accused defendant of committing a crime.

¶ 3 Defendant went home around 9:30 p.m. He lived in a trailer in a remote area. Approximately one hour later (and two and one-half hours after the girlfriend's call to the police), two police officers arrived at defendant's residence. The officers parked their marked patrol car in a well lit area that could be seen from the north window of defendant's trailer. The officers, in uniform, knocked several times on defendant's door. The officers announced who they were and asked defendant to come out.

¶ 4 Instead of opening the door, defendant fired one shot in the direction of one of the officers. As other officers were dispatched to the situation, the two initial officers heard defendant speaking in Spanish and English to someone on the phone. Apparently, defendant had been calling Ledesma and 9–1–1.

¶ 5 At 11:23 p.m., defendant fired another shot through the trailer's window. Defendant finally came out of his residence when ordered several times to do so by a Spanish speaking detective over a bullhorn. Defendant struggled with the officers. Defendant's speech was slurred, his eyes were

bloodshot, and there was a strong odor of alcohol on his breath.

¶ 6 Defendant's defense at trial was justification based on the use of deadly force in crime prevention ("justification-crime prevention"). A.R.S. § 13–411. Defendant argued that his girlfriend's brothers were going to kill him and he did not know that police officers were outside his residence. Defendant contends that the phone calls made to Ledesma and 9–1–1 were to get help because there were people around his trailer and he believed they were going to injure him or kill him or burglarize his home. He argues the 9–1–1 tapes reflect his surprise that it was the police who were outside his home.

¶ 7 A jury found defendant guilty of two counts of aggravated assault, class two dangerous felonies, and five counts of misdemeanor endangerment. He was sentenced to ten and one-half years for the assault counts, to run concurrently. As to the endangerment convictions, defendant's pretrial incarceration exceeded the maximum sentence for class one misdemeanors. The trial court ordered terminal dispositions.

¶ 8 Defendant filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Constitution, Article 6, Section 9 and A.R.S. §§ 12–120.21(A)(1) (1992), 13–4031 (2001), and 13–4033(A) (2001).

## II.

¶ 9 At trial, the judge gave the following instruction on justification-crime prevention:

A defendant is justified in using deadly physical force in crime prevention if the following two conditions existed:

1. A reasonable person in the defendant's situation would have believed that deadly physical force was immediately necessary to prevent another's commission or attempted commission of murder, aggravated assault, or burglary; and

2. The defendant used no more physical force than would have appeared necessary to a reasonable person in the defendant's situation.

Thus, the instruction provided for justification if two elements are established: (1) a reasonable person would have believed the *need* to use physical force was immediately necessary and (2) the degree of physical force *used* was no more than would have appeared necessary to a reasonable person in defendant's situation. The instruction was based on § 13–411(A), defining justification-crime prevention.

¶ 10 Defendant contends on appeal that the trial judge erred in requiring defendant to prove the second element, that defendant *used* no more physical force than would have appeared necessary to a reasonable person in defendant's situation.[1] Rather, defendant submits that this requirement is not an *element* of the defense but a part of the *presumption* contained within § 13–411(C), which is exempted by § 13–205(B) from the burden of proof requirements imposed upon defendant by § 13–205(A).

¶ 11 Defendant's argument is based on the flawed rationale that the second element of justification-crime prevention is contained within the *presumption* in § 13–411(C). A plain reading of the statutes at issue—along with the notion that a *presumption* does not create elements of a defense or offense, but rather *applies* to an element of a defense or an offense-shows defendant's interpretation to be mistaken. First, we review the statutes.

## III.

### A.

¶ 12 Section 13–411, setting forth the affirmative defense of justification-crime prevention, provides as follows:

A. A person is justified in threatening or using both physical and deadly physical

---

1. Defendant does not contend that the first element of justification-crime prevention must be disproved by the state. He acknowledges that the defense carries the burden of proof on this element based on our earlier cases upholding the constitutionality of § 13–205(A), which places the burden on a defendant to prove affirmative defenses by a preponderance of the evidence. *State v. Farley*, 199 Ariz. 542, 19 P.3d 1258 (App.2001); *State v. Sierra–Cervantes*, 201 Ariz. 459, 37 P.3d 432 (App.2002).

force against another if and to the extent the person reasonably believes that physical force or deadly physical force is immediately necessary to prevent the other's commission of [specified offenses].

B. There is no duty to retreat before threatening or using deadly physical force justified by subsection A of this section.

C. A person is presumed to be acting reasonably for the purposes of this section if he is acting to prevent the commission of any of the offenses listed in subsection A of this section.

Section 13–411(A) sets forth the elements of the defense; subsection (B) makes clear that there is no duty to retreat in such circumstances; and subsection (C) provides a presumption of reasonableness.

¶ 13 Section 13–205 deals with the burden of proof for affirmative defenses including justification-crime prevention. Section 13–205(A) places upon defendant the burden of proving affirmative defenses by a preponderance of the evidence. This was a significant change in our law. *See Sierra–Cervantes*, 201 Ariz. at 461, ¶¶ 9–11, 37 P.3d at 434. Prior to the passage of § 13–205, our cases placed the burden on the state to disprove a justification defense beyond a reasonable doubt once there was evidence to support it. *Id.; State v. Duarte*, 165 Ariz. 230, 231, 798 P.2d 368, 369 (1990); *State v. Cruz*, 189 Ariz. 29, 34–35, 938 P.2d 78, 83–84 (App.1996). We have held this statutory change in the burden of proof to be constitutional. *Farley*, 199 Ariz. at 545, ¶ 13, 19 P.3d at 1261.

¶ 14 Section 13–205(B) specifically references the presumption in § 13–411(C) that applies to justification-crime prevention. It provides that the presumption is not affected by § 13–205(A). The entire section reads as follows:

A. Except as otherwise provided by law, a defendant shall prove any affirmative defense raised by a preponderance of the evidence, including any justification defense under chapter 4 of this title.

B. This section does not affect the presumption contained in § 13–411, subsection C and § 13–503.

A.R.S. § 13–205 (2001).

¶ 15 We give the words of a statute their commonly accepted meaning "unless the legislature has offered its own definitions or a special meaning is apparent from the context." *State v. Barr*, 183 Ariz. 434, 438, 904 P.2d 1258, 1262 (App.1995) (citations omitted). When language is clear and unambiguous, we follow it; we do not resort to other methods of statutory construction. *State v. Riggs*, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997) (citations omitted).

¶ 16 Construing the language of the statutes before us according to their plain meaning provides a direct answer to the issue presented by defendant. Specifically, the legislature only excluded the *presumption* in § 13–411(C) from the burden-shifting change brought about by § 13–205(B); it did not exclude any of the *elements* of that defense.

¶ 17 As we have held with specific regard to the presumption in § 13–411(C), "[t]his presumption is rebuttable and *vanishes when the state provides contradictory evidence.*" *Korzep v. Superior Court (Korzep III )*, 172 Ariz. 534, 539, 838 P.2d 1295, 1300 (App.1991) (emphasis added). The concept that a presumption, once rebutted, simply disappears is not unique to § 13–411(C). *See, e.g., State v. Grilz*, 136 Ariz. 450, 455–56, 666 P.2d 1059, 1064–65 (1983) (presumption of sanity); *Englehart v. Jeep Corp.*, 122 Ariz. 256, 259, 594 P.2d 510, 513 (1979) (presumption of due care); *Glodo v. Industrial Comm'n of Arizona*, 191 Ariz. 259, 264, 955 P.2d 15, 20 (App.1997) (considering the "presumption that a claimant does not intend to injure himself or herself") (citation omitted); *Evans v. Liston*, 116 Ariz. 218, 220, 568 P.2d 1116, 1118 (App.1977) (presumption of undue influence in the context of wills). Nor is the concept of a "disappearing" presumption unique to Arizona law. *E.g. County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (rebutted presumptions can be disregarded).

¶ 18 Defendant, however, contends that the presumption in § 13–411(C) does not "disappear" upon presentation of contradictory evidence. Rather, he claims that "the state is required to disprove beyond a reasonable doubt the ′411(C) presumption' that

[defendant] acted reasonably." This is not correct.

¶ 19 As noted above, defendant's argument essentially is that the presumption in § 13–411(C) contains an element of the defense of justification-crime prevention. The plain language of § 13–411(C), however, creates only a presumption. The presumption applies to the elements of the defense which are set forth in subsection (A). It disappears in the face of contradictory evidence presented by the state. This is consistent with not only the plain language of § 13–411(A) and (C) and our case law dealing generally with presumptions, *supra* at ¶ 18, but also *Korzep III:* "this presumption is rebuttable and *vanishes* when the state provides contradictory evidence." 172 Ariz. at 539, 838 P.2d at 1300 (emphasis added). Having once "vanished," the presumption does not remain to create an element of the defense. Additionally, we note the plain language of § 13–205(B), enacted some years after *Korzep III*, specifically designates § 13–411(C) for what it is: a "presumption."

### B.

¶ 20 Defendant argues that *Korzep III* supports his view of the presumption in § 13–411(C). We stated there: "We also interpret A.R.S. § 13–411(A) and (C) *together to generate* both a subjective and an objective component." *Korzep III*, 172 Ariz. at 540, 838 P.2d at 1301 (emphasis added). This leads to the argument that the presumption in subsection (C), when construed with subsection (A), creates an element of the defense. When considered in context, this provision from *Korzep III* does not mean that there is an element of the defense contained within, or created by, the presumption. Rather, the foregoing language from *Korzep III* correctly indicates that the sub-

section (C) presumption ("*a person is presumed to be acting reasonably* if he is acting to prevent the commission of any of the offenses in [subsection (A)]") is consistent with the subsection (A) requirement of an objectively reasonable belief in both (1) the *need* to use force and (2) the degree of force *used* in the act exercising that force. Subsection (A) sets forth both those elements.

¶ 21 Subsection (A) provides that "threatening or using" physical force is only justified "*if and to the extent* the person reasonably believes that physical force or deadly physical force is immediately necessary[.]" A.R.S § 13–411(A) (emphasis added). The "reasonable belief" requirement of subsection (A) applies to both (1) the belief in the *need* to use physical force ("*if* . . . a person reasonably believes . . .") and (2) the degree of force actually *used* ("threatening or using . . . *to the extent* the person reasonably believes . . ."). Thus, the argument that *Korzep III* determines that the presumption in subsection (C) creates an element of the defense is incorrect. Subsection (C) provides a presumption applicable to the defense; subsection (A) provides the elements of the defense.

¶ 22 Accordingly, defendant's argument that "the judge erred by failing to instruct the jury as to the state's burden to disprove the § 13–411(C) presumption beyond a reasonable doubt" is not well taken. The presumption is not an element of the defense. The state had only to present contradictory evidence, which it did. At that point, the burden shifted and the defense had the burden of proving justification-crime prevention by a preponderance of the evidence. The jury was so instructed.[2]

### IV.

¶ 23 For the reasons set forth above, we determine that the trial judge did not err in

---

**2.** The instruction on the presumption was as follows:

A person is presumed to be acting reasonably for purposes of this defense if he is acting to prevent the commission or attempted commission of murder, aggravated assault, or burglary. You must start with this presumption. The State must then rebut this presumption with evidence. The defendant then has the burden of proving that his defense is more probably true than not true. This burden does not change the State's burden of proving the defendant guilty beyond a reasonable doubt. You must find the defendant not guilty if, after considering all the evidence regardless of which party presented it, you find:

1. The State has not proved each element of each count beyond a reasonable doubt; or
2. The defendant has proved that the justification of crime prevention is more likely true than not true.

512

determining that § 13–205(B) exempted only the presumption—and not the elements of justification-crime prevention—from the burden of proof requirements of § 13–205(A).

CONCURRING: SUSAN A. EHRLICH, Presiding Judge, and PHILIP HALL, Judge.