IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2012-0099 |
| Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| SCOTT ALAN COLVIN, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20103857001

Honorable Clark W. Munger, Judge

REVERSED AND REMANDED

Barbara LaWall, Pima County Attorney
  By Nicolette Kneup

Tucson
Attorneys for Appellant

Vernon E. Peltz

Tucson
Attorney for Appellee

E S P I N O S A, Judge.

**¶1**      Appellee Scott Colvin was charged with two counts of aggravated driving under the influence of an intoxicant (DUI), two counts of aggravated driving with a blood alcohol concentration (BAC) of .08 or greater, and aggravated assault on a peace officer.

The trial court dismissed the DUI- and BAC-related charges that were aggravated based on Colvin having had two or more prior DUI violations, concluding his California DUI convictions could not support aggravated DUI- and BAC-related charges in Arizona. The state appeals, arguing the counts should not have been dismissed because Colvin's California convictions constituted "acts in another jurisdiction that if committed in this state" would be a violation of Arizona's DUI laws. A.R.S. § 28-1383(A)(2). We agree and accordingly reverse.

## Factual and Procedural History

**¶2**       We view the facts in the light most favorable to sustaining the trial court's ruling. *State v. Chavez*, 208 Ariz. 606, ¶ 2, 96 P.3d 1093, 1094 (App. 2004). After he was arrested, Colvin was charged with the five counts described above. The day before trial, the state filed a "Motion for Legal Determination of Prior DUI Convictions" seeking a ruling from the court that Colvin's three California DUI convictions qualified as prior DUI violations under Arizona law and therefore could support the allegation that Colvin had received three DUI convictions in the past eighty-four months. The following day, before trial was to begin, Colvin objected to the state's motion as untimely under Rule 16.1, Ariz. R. Crim. P. The court continued the jury trial, allowed briefing on the timeliness and merits of the motion, and set a status conference.

**¶3**       In his response, Colvin argued the state's motion should be denied as untimely and counts three and four of the indictment dismissed because California's DUI statute allows for a conviction under circumstances that would not constitute DUI in Arizona. In a "Memorandum to the Court Re: Remedies," the state pointed out it could

2

have waited until trial to ask for an evidentiary ruling, the trial court had discretion to hear the untimely motion before trial rather than hear piecemeal objections during trial, and the indictment had provided Colvin with adequate notice the state would introduce the California convictions. The state also had filed an "Allegation of Prior DUI Conviction."

¶4 At the subsequent status conference, the trial court dismissed counts three and four, concluding the mere fact of the California convictions was insufficient to find that the underlying acts satisfied the elements of the relevant Arizona DUI statutes. The court found the two states' statutes were not identical because the Arizona statute requires proof of impairment whereas the California statute has no such requirement on its face. Citing *People v. Canty*, 90 P.3d 1168, 1173-74 (Cal. 2004), the state argued that the Supreme Court of California has interpreted the statute to require impairment. The trial court rejected this argument, concluding it "need[ed] to deal with the actual statute." We have jurisdiction over the state's appeal pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(1).

## Discussion

¶5 The state contends the trial court erred in finding that California DUI convictions do not qualify as prior convictions under § 28-1383(A)(2). We review an order dismissing criminal charges for an abuse of discretion. *State v. Galvez*, 214 Ariz. 154, ¶ 16, 150 P.3d 241, 243-44 (App. 2006). Dismissal may constitute such an abuse if based on an incorrect legal interpretation. *State v. Jackson*, 208 Ariz. 56, ¶ 12, 90 P.3d 793, 796 (App. 2004). Whether acts which resulted in a conviction in another state

3

would violate Arizona law is a question we review *de novo*. *State v. Heath*, 198 Ariz. 83, ¶ 4, 7 P.3d 92, 93 (2000); *State v. Skiba*, 199 Ariz. 539, ¶ 7, 19 P.3d 1255, 1256 (App. 2001).

**¶6** We first address Colvin's contention that the trial court was required to preclude the state's Motion for Legal Determination of Prior DUI Convictions, regardless of the merits, because it was untimely filed, based on Rule 16.1, Ariz. R. Crim. P. That rule provides, in part, "All motions shall be made no later than 20 days prior to trial, or at such time as the court may direct." Ariz. R. Crim. P. 16.1(b). If a motion is untimely, Rule 16.1(c) prescribes that it "shall be precluded" unless subject to certain exceptions not applicable here. Colvin contends, as he did below, that the state's motion, filed the day before trial, was untimely and Rule 16.1(c) mandated that the court preclude it. He further maintains that with the evidence of the California priors excluded, dismissal of counts three and four was required.

**¶7** Trial courts have discretion to extend the time for filing motions and, implicitly, to hear untimely motions. *State v. Vincent*, 147 Ariz. 6, 8, 708 P.2d 97, 99 (App. 1985); *see also State v. Cramer*, 174 Ariz. 522, 523, 851 P.2d 147, 148 (App. 1992) (finding no abuse of discretion where court considered untimely motion because state could have objected to defense evidence at trial and because court has power to extend filing time); *State v. Zimmerman*, 166 Ariz. 325, 328, 802 P.2d 1024, 1027 (App. 1990) (addressing admissibility of evidence before trial despite untimeliness of motion to preclude). Moreover, this court has recognized that the preclusive effect of Rule 16.1(c) exists "in order to insure orderly pretrial procedure in the interests of expeditious judicial

4

administration" and, because the rule protects judicial interests rather than the interests of the parties, "[i]ts invocation . . . rests in the discretion of the trial court subject to review only for abuse." *Vincent*, 147 Ariz. at 8-9, 708 P.2d at 99-100. Thus, because Rule 16.1(b) grants courts the discretion to "direct" when pretrial motions may be filed, and because courts retain further discretion to decide whether or not to preclude untimely motions under *Vincent*, it was within the trial court's discretion to consider the state's motion. Moreover, although it appears the state could have filed its motion earlier, the indictment and contemporaneously filed "Allegation of Prior DUI Conviction" adequately put Colvin on notice of the state's intent to support counts three and four with his California convictions. *Cf. State v. Neese*, 126 Ariz. 499, 507, 616 P.2d 959, 967 (App. 1980) (affirming denial of evidentiary hearing on admissibility of certain evidence after finding "the disclosures of the state adequately put appellants on notice that the evidence [at issue] might be offered at trial"). We cannot say the court abused its discretion in ruling on the merits of the motion.

¶8 Because the trial court had discretion to consider the motion, we now consider whether the court correctly concluded Colvin's California convictions did not support counts three and four of the indictment. Section 28-1383 provides, in relevant part:

> A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does any of the following:
>
> . . . .

5

> 2. Within a period of eighty-four months commits a third or subsequent violation of [A.R.S.] § 28-1381, § 28-1382 or this section or is convicted of a violation of § 28-1381, § 28-1382 or this section and has previously been convicted of any combination of convictions of § 28-1381, § 28-1382 or this section or acts in another jurisdiction that if committed in this state would be a violation of § 28-1381, § 28-1382 or this section.

The court concluded that a person may be convicted of DUI in California without necessarily having committed acts that would support a DUI conviction in Arizona and that Colvin's California convictions therefore could not be the basis of the aggravated-DUI convictions in this case. We therefore must compare California's and Arizona's respective DUI laws to determine whether a conviction in California necessarily would mean the defendant had committed "acts . . . that if committed in this state would be a violation of § 28-1381." § 28-1383(A)(2).

¶9        Section 23152(a) of California's Vehicle Code provides, in relevant part:

> It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle.

Arizona's general DUI statute, § 28-1381(A)(1), provides in relevant part as follows:

> A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:
>
> 1. While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

6

Colvin correctly points out that "[t]he California statute does not require that a driver under the influence be impaired to any degree, while the Arizona statute has th[at] additional element." Nevertheless, that the Arizona statute contains an additional element does not end our inquiry. As noted above, the question under § 28-1383(A)(2) is whether Colvin committed "acts" in California that, if committed in Arizona, would be a violation of § 28-1381. Thus, although we do not examine the underlying factual basis, we must determine whether there is any scenario under which it would have been legally possible for Colvin to have been convicted of a violation of § 23152 but not of § 28-1381. *Cf. State v. Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d 753, 755 (2007) ("Before using a foreign conviction for sentencing enhancement purposes under [A.R.S.] § 13-604, the superior court must first conclude that the foreign conviction includes 'every element that would be required to prove an enumerated Arizona offense.'"), *quoting State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988). This inquiry requires us to examine California's DUI law as a whole, not merely its statutes in isolation. *See State v. Henry*, 176 Ariz. 569, 587, 863 P.2d 861, 879 (1993) (citing California case law to show physical violence not required under California's involuntary manslaughter statute, in contrast to analogous Arizona statute). Consequently, we will not, as Colvin suggests, ignore case law that is germane to the determination of whether his California convictions were based on acts that would have violated Arizona's DUI laws.

¶10 Although California's § 23152(a) would allow conviction of any person driving a vehicle "under the influence of any alcoholic beverage or drug," the California Court of Appeal held in *People v. Weathington*, 282 Cal. Rptr. 170 (Ct. App. 1991), that

7

to be regarded as driving under the influence of alcohol or a drug, a person must be impaired "to an appreciable degree." *Id.* at 174-75; *accord People v. Crane*, 48 Cal. Rptr. 3d 334, 338 (Ct. App. 2006) (although California law does not require proof of any specific degree of intoxication, "*Weathington* makes clear that [§] 23152 requires impairment 'to an appreciable degree'"), *quoting Weathington*, 282 Cal. Rptr. at 174; *see also Canty*, 90 P.3d at 1174 (contrasting crime of being under influence of controlled substance with DUI; finding latter required impairment to an appreciable degree pursuant to § 23152(a)). Thus, although the requirement of impairment does not appear on the face of § 23152(a), it nevertheless is legally impossible for a defendant to be convicted under that section unless the evidence establishes he or she was impaired to an appreciable degree. Consequently, the fact that a person has been convicted of DUI in California necessarily signifies that the person had been impaired to an appreciable degree. And the acts giving rise to such a conviction would, accordingly, constitute a violation of § 28-1381(A)(1) because, if a person is impaired "to an appreciable degree," *Weathington*, 282 Cal. Rptr. at 174, the person necessarily was impaired to the slightest degree, § 28-1381. *See Crane*, 48 Cal. Rptr. 3d at 338 (concluding impairment to slightest degree less stringent standard than impairment to appreciable degree).

¶11 As for count four, we also agree with the state that a California conviction for driving with an alcohol concentration of .08 or above would necessarily constitute a violation of § 28-1381(A)(2). California's § 23152(b) provides:

> It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle.

8

Section 28-1381(A)(2) provides:

> A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:
>
> . . . .
>
> 2. If the person has an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle.

California's statute prohibits having a BAC of .08 at the time of driving. Arizona's statute prohibits having a BAC of .08 within two hours of driving or being in actual physical control, which includes at the time of driving. Our statute therefore includes all conduct prohibited by the California statute because, if a person has a BAC of .08 at the time of driving as required in California, he necessarily has a BAC of .08 within two hours of driving, as required in Arizona. Thus, the conduct that was the basis for Colvin's California conviction also would constitute a violation of § 28-1381(A)(2). Colvin's assertion that "a person could have a BAC of 0.08 within two hours of driving, but not a BAC of 0.08 at the time of driving," is not persuasive because the question here is whether the conduct that gave rise to the California conviction would constitute a DUI offense in Arizona, not the converse.[1] Consequently, Colvin's argument is without merit, and the trial court abused its discretion in dismissing the charges.

---

[1]Although not raised by either party, we note the California statute creates a rebuttable presumption that a person's BAC was .08 or above at the time of driving if his BAC was at least .08 within three hours after driving. § 23152(b). This presumption,

9

**Disposition**

¶12        Because Colvin's convictions in California punished "acts . . . that if committed in this state would be a violation of § 28-1381," the dismissal of counts three and four of the indictment was erroneous. *See* § 28-1383(A)(2). Accordingly, the order of dismissal is reversed, and this matter is remanded for reinstatement of those counts.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

---

however, does not change the relevant element of the offense, which requires the finder of fact to conclude the person's BAC was .08 or more at the time of driving. *Id.*; *see State v. Martinez*, 202 Ariz. 507, ¶ 11, 47 P.3d 1145, 1147 (App. 2002) (presumption does not constitute element of offense).