NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRITTANY ELAINE KRAUCH, *Appellant.*

No. 1 CA-CR 14-0016
FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-106009-001 DT
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

Richard D. Coffinger, Attorney at Law, Glendale
By Richard D. Coffinger
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

_____

**B R O W N,** Judge:

¶1　　　　Brittany Elaine Krauch appeals her convictions and resulting
probation grants for two counts of possession of dangerous drugs.　For
reasons that follow, we affirm.

## BACKGROUND

¶2　　　　Police Officer Anthony Volpe conducted a traffic stop on a
pickup truck in which Krauch was a passenger.　Officer Volpe obtained
Krauch's consent to have his partner search her purse after she revealed
there was a knife in it.　After Volpe conducted a search of the vehicle, he
observed several items on the hood of his police car next to Krauch's purse,
including a digital scale, a small peach-colored pill inside a small plastic
baggie, and a packaged black, tar-like substance.　Krauch told Volpe that
she used the scale to weigh marijuana, the pill was Ritalin that belonged to
her, and the tar-like substance was "fake heroin" given to her by a friend.

¶3　　　　Asked if she had anything else on her that the officers needed
to know about, Krauch made a gesture that led Volpe to warn her that if
she had something in her bra she should produce it or she would be
searched.　Krauch produced a small tin container containing a plastic
baggie with eight round peach-colored pills that Krauch identified as
Ritalin and a plastic baggie with two yellow rectangular pills she identified
as Xanax.

¶4　　　　After she was arrested and waived her rights under *Miranda
v. Arizona*, 384 U.S. 436 (1966), Krauch told Volpe she had a prescription for
the Ritalin, and that she had traded some Ritalin for the Xanax.　Krauch,
however, never produced a prescription for the Ritalin.

¶5　　　　A chemical analysis confirmed that the peach-colored pills
contained methylphenidate, known as Ritalin, and the yellow rectangular
pills contained alprazolam, known as Xanax, both dangerous drugs under
Arizona law.

**¶6**        The jury convicted Krauch of two charges of possession of dangerous drugs, but acquitted her of a charge of possession of drug paraphernalia. The trial court suspended sentence and imposed 18 months' supervised probation. Krauch timely appealed.

## DISCUSSION

### A. Admission of Contraband from Purse

**¶7**        Krauch raises three issues related to the admission at trial of the suspected contraband removed from her purse during the consensual search by an officer who did not appear as a witness at trial. She argues first that Volpe's indirect reference at trial to his partner's nonverbal conduct—the placement of the suspected contraband on the hood of the police car next to Krauch's purse—requires reversal because the conduct was intended as an assertion that the suspected contraband had been recovered from the purse. Because the declarant, Volpe's partner, did not testify at trial, Krauch argues the reference was inadmissible hearsay and violated her confrontation rights.

**¶8**        Volpe testified at the pretrial suppression hearing that his partner had told him that he had recovered a peach-colored pill and a digital scale from Krauch's purse. At trial, defense counsel asked Volpe during *voir dire* examination if his partner had told him anything about the items on the hood of the police car, and Volpe simply responded, "Yes." What Volpe's partner said about the items, however, was not elicited at trial by either counsel or testified to by Volpe.

**¶9**        Volpe testified at trial that his partner had searched Krauch's purse, but that he was not present when his partner retrieved the suspected contraband from the purse. Volpe explained, however, that he saw the items of suspected contraband placed on the hood of his car next to Krauch's purse, asked Krauch about them and Krauch told him that the Ritalin pill belonged to her, and that she used the scale to weigh marijuana. It is Volpe's testimony—that after his partner searched Krauch's purse, Volpe observed the items placed next to the purse on the hood of his police car—which Krauch argues contained inadmissible hearsay and violated her confrontation rights.

**¶10**        Under the Arizona Rules of Evidence, nonverbal conduct is a statement subject to the rule against hearsay "if the person intended it as an assertion," and it is offered in evidence to prove the truth of the matter asserted. Ariz. R. Evid. 801(a), (c). The Confrontation Clause prohibits the admission of testimonial hearsay at a criminal trial unless the declarant is

available at trial for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). Although we ordinarily review evidentiary rulings for abuse of discretion, we review evidentiary rulings that implicate a defendant's constitutional rights de novo. *State v. Ellison,* 213 Ariz. 116, 130, ¶ 42, 140 P.3d 899, 913 (2006).

**¶11** Krauch offered no evidence to support her claim that the non-testifying officer intended his act of placing the suspected contraband on the hood of the police car next to Krauch's purse to be an assertion that the items were removed from her purse. Krauch accordingly failed to meet her burden to demonstrate that Volpe's testimony referring to this nonverbal conduct was hearsay. *See Ellison*, 213 Ariz. at 132, ¶ 56, 140 P.3d at 915 (holding that mere speculation as to the declarant's intent is not enough). For similar reasons, Krauch has not shown that this nonverbal conduct was "testimonial" as would be required to implicate the Confrontation Clause. *See Crawford*, 541 U.S. at 68. Accordingly, Krauch has not shown that the admission of evidence of this nonverbal conduct violated the rule against hearsay or her confrontation rights.

**¶12** Moreover, any error in admitting the challenged testimony was harmless. As applicable here, an error is harmless when the State proves beyond a reasonable doubt that the error in admitting the evidence "did not contribute to or affect the verdict or sentence." *State v. Henderson,* 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005) (citing *State v. Bible,* 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993)). In light of Krauch's admissions that the suspected contraband belonged to her, even if the non-testifying officer had intended his conduct as an assertion that he had found the items in Krauch's purse, the admission of Volpe's observations was harmless error. *See State v. Bocharski*, 218 Ariz. 476, 486, ¶¶ 38-41, 189 P.3d 403, 413 (2008) (holding Confrontation Clause and hearsay rule violations are subject to harmless error analysis, and any such error was harmless because the objected-to testimony was "superfluous" to other witnesses' testimony to the same effect); *State v. Williams,* 133 Ariz. 220, 226, 650 P.2d 1202, 1208 (1982) ("[E]rroneous admission of evidence which was entirely cumulative constitute[s] harmless error.").

**¶13** Krauch also argues the absent officer's testimony was necessary to establish a chain of custody to admit the contraband and the photographs of same. We review a trial court's decision that sufficient foundation has been laid to admit evidence for abuse of discretion. *State v. George,* 206 Ariz. 436, 446, ¶ 28, 79 P.3d 1050, 1060 (App. 2003).

**¶14** Foundation may be laid either through identification testimony or by establishing a chain of custody. *State v. Macumber,* 119 Ariz.

516, 521, 582 P.2d 162, 167 (1978). To establish a chain of custody, the State must demonstrate "continuity of possession," and must reasonably show "that the evidence is intact and unaltered." *State v. Jackson*, 170 Ariz. 89, 93, 821 P.2d 1374, 1378 (App. 1991). Not every person in the chain of custody need testify, however, and flaws in the chain of custody generally go to weight and not admissibility. *State v. Morales,* 170 Ariz. 360, 365, 824 P.2d 756, 761 (App. 1991). Moreover, "unless a defendant can offer proof of actual change in the evidence, or show that the evidence has, indeed, been tampered with, such evidence will be admissible." *Macumber,* 119 Ariz. at 522, 582 P.2d at 168 (citation omitted).

¶15        Volpe testified that he observed the contraband on the hood of his car after Krauch's purse was searched, and Krauch admitted that the Ritalin pill and the scale for weighing marijuana belonged to her. Volpe photographed the pill and other items of suspected contraband, and logged the Ritalin pill into evidence. Krauch has not offered any suggestion that the suspected contraband was altered or tampered with before trial. On this record, the trial court did not abuse its discretion in admitting the contraband and the photograph depicting it.

## B. Admission of the Tin Container Contents

¶16        Krauch argues the trial court abused its discretion in denying her motion to suppress the tin container containing two Xanax and eight Ritalin pills that she removed from her bra, arguing that Volpe coerced her into producing the tin by intimidation and deception, and that the State failed to demonstrate that the tin would have been inevitably discovered. The court denied the motion to suppress the contents of the container, reasoning that although Volpe lied when he told Krauch that an officer was on her way to search her and that if she had anything hidden in her bra, she should give it up, the tin "would have been inevitably discovered because Officer Volpe knew [Krauch] had something in her bra and he would have had her searched if she had not turned the item over to him voluntarily."

¶17        In reviewing the denial of a motion to suppress, we restrict our review to consideration of the facts the trial court heard at the suppression hearing, *State v. Blackmore*, 186 Ariz. 630, 631, 925 P.2d 1347, 1348 (1996), viewed in the light most favorable to sustaining the trial court's ruling. *State v. Hyde*, 186 Ariz. 252, 265, 921 P.2d 655, 668 (App. 1996). We give deference to the court's factual findings, but review de novo whether the Fourth Amendment was violated. *State v. Gonzalez–Gutierrez,* 187 Ariz. 116, 118, 927 P.2d 776, 778 (1996). We will uphold the court's ruling if legally correct for any reason supported by the record. *State v. Canez,* 202 Ariz. 133, 151, ¶ 51, 42 P.3d 564, 582 (2002).

¶18 The Fourth Amendment guarantees the right of individuals to be free from unreasonable governmental searches, and evidence derived from a warrantless search or seizure is subject to the exclusionary rule requiring suppression, *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963), unless the search comes within one of the few "established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). A search incident to a lawful arrest is one such exception, whereby a police officer may conduct a search of a suspect's person and the area within his or her immediate control to check for weapons or destructible evidence. *Chimel v. California*, 395 U.S. 752, 763 (1969). An officer's command for a suspect to empty his or her pockets or expose an area otherwise concealed to the public constitutes a Fourth Amendment "search" if the suspect complies with the command. *U.S. v. Pope*, 686 F.3d 1078, 1081 (9th Cir. 2012); *see also Safford Unified School Dist. No. 1 v. Redding*, 557 U.S. 364, 379 (2009) (school officials conducted an illegal search of a student when they instructed her to remove her outer clothing and "shake out" her bra and underwear because the search was not supported by reasonable suspicion).

¶19 Volpe testified at the suppression hearing his partner had located one peach-colored pill, a package containing a tar-like substance, and a scale inside Krauch's purse. Krauch admitted that the items belonged to her, that the tar-like substance was "fake heroin," and that she used the scale to weigh marijuana. Volpe also testified that he and his partner observed Krauch gesturing as if she had something concealed in her bra. At that point, Volpe had probable cause to arrest Krauch for either possession of drug paraphernalia or possession of an imitation controlled substance based on the items found in her purse, *see* Arizona Revised Statutes sections 13-3415, -3456, and could lawfully perform a command search of Krauch's person to check for the additional contraband he suspected she was concealing. *See Pope*, 686 F.3d at 1084.

¶20 Furthermore, the exclusionary rule does not apply to evidence that the State can show by a preponderance of the evidence "would inevitably have been discovered without reference to the police error or misconduct." *Nix v. Williams*, 467 U.S. 431, 448 (1984); *see State v. Castaneda*, 150 Ariz. 382, 387 (1986) (recognizing the inevitable discovery doctrine in Arizona). Volpe testified that once his partner saw Krauch adjusting her bra and they concluded she was hiding something, had she not produced whatever was hidden, "I would have called – even if it meant another agency to come over, a female would have conducted a full search on her." Volpe's testimony was sufficient to prove by a preponderance of the evidence that police would have inevitably discovered the contents of

the tin container by lawful means.  The trial court did not err in denying the motion to suppress the contents of the tin container.

### C.  Denial of Rule 35.1(a) Motion

**¶21**        Finally, Krauch argues the trial court committed reversible error by denying her motion to deem the pending motions to suppress "submitted on the record" because the State did not file responses according to the presumptive schedule for motion practice. *See* Ariz. R. Crim. P. 35.1(a)

**¶22**        The trial court denied Krauch's motion, reset the evidentiary hearing, and extended the State's deadline for response to the motion, later explaining that email exchanged between counsel and the court indicated that the suppression motions had been filed before the prosecutor was assigned to the case, and the prosecutor had not learned of them until long after the responses were due.

**¶23**        The trial court has broad discretion in determining briefing schedules and hearing motions, and addressing the preclusive effect of Rule 35.1.  *See State v. Colvin,* 231 Ariz. 269, 271, ¶ 7, 293 P.3d 545, 547 (App. 2013) ("Trial courts have discretion to extend the time for filing motions and, implicitly, to hear untimely motions."); Ariz. R. Crim. P. 35.4.  Under the circumstances, the court did not abuse its discretion in denying Krauch's motion to deem the suppression motions submitted on the record and instead extending the deadline for response.[1]

### CONCLUSION

**¶24**        Krauch's convictions and probation grants are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1]        In her opening brief, Krauch also argued that the trial court erred in denying her motion to suppress her post-detention responses to Officer Volpe's questions because the officer "conducted an improper two-step custodial interrogation."   However, at oral argument before this court Krauch withdrew this argument and thus we do not address it.