NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO CORONADO FRANCO, JR., *Appellant.*

No. 1 CA-CR 17-0349
FILED 9-20-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-001790-001
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

¶1              Francisco Coronado Franco, Jr., appeals his convictions and sentences for four crimes: (1) burglary; (2) possession of dangerous drugs; (3) possession of narcotic drugs; and (4) possession of drug paraphernalia. He argues the superior court erred by granting the State's untimely motions alleging historical prior felony convictions and aggravating circumstances.[1] For the following reasons, we affirm Franco's convictions and sentences.

## FACTS[2] AND PROCEDURAL BACKGROUND

¶2              Franco was initially charged with burglary for breaking into the victim's home. Regarding the initial charge, the State alleged Franco had four historical prior felony convictions and the offense involved the aggravating factor of causing physical, emotional, or financial harm to the victim. On the State's motion, the court dismissed that case without prejudice. Franco was subsequently charged with the same burglary and additional drug offenses. The State did not file the previously-filed sentencing allegations in the new case until the day of trial. Overruling Franco's objection to the untimely filings, the court permitted the State to file the allegations.

¶3              Franco was convicted of all charged crimes. The jury found the offense caused physical, emotional, or financial harm to the victim and Franco was sentenced to concurrent sentences totaling 11.25 years. Franco timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona

---

[1]        Franco also argues the court erred by granting the State's untimely motion to impeach him with his prior convictions. Because Franco did not testify at trial, he has waived this argument. *State v. White*, 160 Ariz. 24, 30–31 (1989).

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Franco. *See State v. Valencia*, 186 Ariz. 493, 495 (App. 1996). Additionally, documents containing relevant facts are not in the record. The State filed appendices—which Franco did not object to—providing those documents. We take judicial notice of these records. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (appellate courts may take judicial notice of anything which the superior court could take notice of, including the superior court's "own records or those of another action tried in the same court").

Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶4**   Franco argues the court abused its discretion by allowing the State to file the sentencing allegations because they were untimely. We review a superior court's decision permitting the State to amend the indictment for abuse of discretion. *See State v. Sammons*, 156 Ariz. 51, 55 (1988). Even if the court abuses its discretion, we will only reverse if the error caused prejudice. *See State v. Valverde*, 220 Ariz. 582, 585, ¶ 11 (2009).

**¶5**   The State, at its discretion, may amend an indictment to add allegations of prior convictions or aggravating factors within the time limits of Arizona Rule of Criminal Procedure 16.1(b). Ariz. R. Crim. P. 13.5(a) (2017) (amended 2018).[3] The State must generally file such motions no later than 20 days before trial. Ariz. R. Crim. P. 16.1(b) (amended 2018). Motions not filed within this period "shall be precluded" unless granted by leave of the court. Ariz. R. Crim. P. 16.1(c) (amended 2018).

**¶6**   Notwithstanding the mandatory language in the rule, the superior court had the explicit discretion to extend the time for filing motions and the implicit discretion to hear untimely filed motions. *See State v. Colvin*, 231 Ariz. 269, 271, ¶ 7 (App. 2013). The preclusive effect of Rule 16.1(c) existed "to insure orderly pretrial procedure in the interests of expeditious judicial administration." *Id.* at 272, ¶ 7. The purpose of the Rule was to protect judicial interests rather than the parties' interests. *Id.* Therefore, the superior court had the discretion to allow the late filing subject to review only for abuse. *State v. Vincent*, 147 Ariz. 6, 8–9 (App. 1985).

**¶7**   Here, the superior court did not abuse its discretion by granting the State's motions. As the State concedes, the motions were untimely filed. But Franco received notice of the contents of the motions months before they were filed. Regarding the allegations of the aggravating circumstances, the State filed the same motion in the initial case before that case was dismissed. Moreover, during plea negotiations, the State, the court, and Franco's counsel discussed with Franco the effects of historical priors on the amount of time he faced, and the aggravating circumstances

---

[3]  Because this case was tried in 2017, we apply the 2017 Rules of Criminal Procedure.

surrounding the charges in this case. Specifically, regarding the allegation of prior felony convictions, Franco was informed that he had at least two historical prior felony convictions and how those convictions could affect his sentence in the immediate case if convicted. The State warned Franco that "because you do have at least two prior felony convictions . . . you could receive up to 25 years in the Department of Corrections just on [the burglary] charge." In rejecting the State's plea offer, Franco stated he understood the amount of prison time he could receive with two historical prior felonies and the finding of aggravating factors. Thus, Franco was aware that the State intended to file sentencing allegations regarding his prior felony convictions long before they were filed.

¶8            The untimely motion alleging historical prior felonies did not prejudice Franco's ability to respond to the allegations. Franco did not dispute the existence of his historical prior convictions and voluntarily admitted to them. There is nothing in the record to indicate that his lack of defending against the allegations was based on late disclosure. Absent a showing of prejudice, we cannot find the court abused its discretion by permitting the State to add the sentencing allegations. *See Valverde*, 220 Ariz. at 585, ¶ 11.

## CONCLUSION

¶9            Franco's convictions and sentences are affirmed.

