NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

CORINTHIAN JERRY JOHNSON, *Appellee*.

No. 1 CA-CR 24-0549

FILED 09-25-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-001278-001
The Honorable Stasy D. Avelar, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Grahame McNevin
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

_____

**B A I L E Y**, Judge:

¶1        The superior court dismissed with prejudice an information against Corinthian Jerry Johnson, which charged him with (1) possession or use of narcotic drugs and (2) possession or use of dangerous drugs.  The State appeals the dismissal.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2022, a security guard was patrolling a casino's parking garage at around 1:00 a.m. when he noticed Johnson "passed out" in the front seat of a parked car with a glass pipe in his left hand and a lighter in his right hand.  The guard requested a welfare check on Johnson. When a police officer arrived, an emergency medical technician ("EMT") from the casino advised him that Johnson was breathing but appeared to be asleep.

¶3        The officer opened the car's unlocked passenger door and startled Johnson awake.  As the officer helped Johnson step out of the car, he noticed Johnson "had very ridged [sic] muscle tone ([c]ommonly observed with persons that have used methamphetamine)" and appeared to have trouble maintaining his balance.

¶4        The officer arrested Johnson and searched his pockets, finding a lighter, box cutter, glass tube, and piece of foil.  The officer then placed Johnson in his patrol car and asked Johnson his name, but Johnson refused to answer and appeared to be incoherent.  Suspecting Johnson was overdosing on fentanyl, the officer contacted the Peoria Fire Department and asked the EMT to continue monitoring Johnson's medical condition.  In the meantime, the officer searched Johnson's vehicle and found a pouch containing another glass pipe, several blue pills, several empty plastic baggies with residue, and pieces of foil.  In the foil pieces, he found more blue pills and a white crystalline substance.

¶5        When a rescue unit from the Peoria Fire Department arrived, Johnson was released from custody and transported to a hospital, where he received treatment for an opioid overdose and was discharged at around 6:00 a.m.

¶6        The State filed an information charging Johnson with Count 1, possession or use of narcotic drugs, and Count 2, possession or use of dangerous drugs, each a class 4 felony.  Johnson moved to dismiss, claiming he was immune from prosecution under Arizona Revised Statutes ("A.R.S.") section 13-3423(B), which states:

>        A person who experiences a drug-related overdose, who is in need of medical assistance and for whom medical assistance is sought . . . may not be charged or prosecuted for the possession or use of a controlled substance or drug paraphernalia if the evidence for the violation was gained as a result of the person's overdose and need for medical assistance.

¶7        In response to Johnson's motion, the State insisted that A.R.S. § 13-3423(B) confers immunity only to defendants who are actively overdosing at the time the evidence supporting their charges is discovered. The State conceded that Johnson was overdosing by the time he was treated by the hospital, but it claimed that a question of fact still existed as to whether Johnson was overdosing during the welfare check.  The State argued that dismissal would therefore be inappropriate without an evidentiary hearing to determine the timing of Johnson's overdose.

¶8        After holding oral argument on Johnson's motion, the superior court dismissed the case with prejudice.  The State moved for reconsideration, again arguing that the case required an evidentiary hearing.  The court denied the motion, and the State timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 13-4032(1).

## DISCUSSION

¶9        On appeal, the State argues that the superior court erred in dismissing the case without an evidentiary hearing.

¶10        Upon a defendant's motion, the court must dismiss criminal charges when an information is insufficient as a matter of law.  Ariz. R. Crim. P. 16.4(b).  We generally review a superior court's grant of a motion to dismiss for an abuse of discretion.  *State v. Wood*, 198 Ariz. 275, 277, ¶ 6

3

(App. 2000). But when the dismissal "is entirely a matter of statutory interpretation," we review it de novo. *Id.* In addition, "when [a] statute's language is plain and unambiguous, we follow the text as written." *State v. Skiba*, 199 Ariz. 539, 541, ¶ 8 (App. 2001) (citation omitted).

**¶11**         Here, undisputed facts established each element of A.R.S. § 13-3423(B). The police officer discovered Johnson's drug paraphernalia due to the security guard's request for a welfare check. The officer suspected that Johnson needed medical care for an overdose and sought medical care accordingly. And Johnson did experience an overdose and did need medical assistance, as his hospital treatment later confirmed. The State does not dispute that Johnson's overdose resulted from drugs he had used by the time the welfare check was performed. By reiterating its request for an evidentiary hearing on the timing of Johnson's overdose, the State asks us to read into § 13-3423(B) an additional timing requirement regarding the onset of overdose symptoms, which we will not do. *See City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965) ("[C]ourts will not read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself." (citation omitted)).

**¶12**         The State also urges us to specify which party bears the burden of proof under A.R.S. § 13-3423(B). Given that the superior court's dismissal was based solely on undisputed facts, we need not inquire into the burden of proof to resolve this case.

## CONCLUSION

**¶13**         We affirm.

