660 P.2d 872

**The STATE of Arizona, Petitioner,**

v.

**Honorable Richard N. ROYLSTON, Judge of the Superior Court, Respondent,**

and

**Glenn M. Donahoe and Warren R. Biltoft, Real Parties in Interest.**

**2 CA–CIV 4669.**

Court of Appeals of Arizona, Division 2.

Jan. 31, 1983.

Stephen D. Neely, Pima County Atty. by Michael P. Callahan and William F. Mills, Deputy County Attys., Tucson, for petitioner.

Hirsh & Fines, P.C. by Robert J. Hirsh and Michael B. Bernays, Tucson, for real party in interest Donahoe.

Frederic J. Dardis, Pima County Public Defender by Michael J. Bloom, Asst. Public Defender, Tucson, for real party in interest Biltoft.

## OPINION

HOWARD, Chief Judge.

Did the respondent court exceed its jurisdiction in striking an allegation of intra-count prior convictions as to each of the real parties in interest? The state, in its

petition for special action, contends that it did and we agree. Since the state had no adequate remedy by appeal and extraordinary relief is warranted, we assume jurisdiction.

Donahoe was indicted on four counts of third-degree burglary, involving four different Sun Tran buses. Count I was alleged to have occurred on June 2, 1982, and the other three counts allegedly occurred on June 3, 1982. Biltoft was accused of the June 2 offense and only two of the June 3 offenses. As to Donahoe, the allegation of prior conviction asserted the June 2 offense as a prior to the other three counts and also asserted one of the June 3 offenses as a prior to the other two. As to Biltoft, the June 2 offense was alleged as a prior to the two June 3 offenses. Both defendants filed a motion to strike the allegations of prior convictions and the motion was granted.

A.R.S. § 13–604(H), as amended, provides:

"Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes, may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

Our Supreme Court has approved the procedure followed by the state here. See *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980); *Davis v. Superior Court*, 126 Ariz. 568, 617 P.2d 520 (1980). In *State v. Hannah*, supra, the court pointed out that our state legislature has clearly indicated that it was concerned not only with deterring the commission of crime but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense. In discussing A.R.S. § 13–604(H), the Court stated:

"Subsection H excludes the 'spree offender' who commits more than one crime in a connected series of events 'on the same occasion,' but includes successive but separate crimes even though the defendant could be convicted of both in a single trial. The Comment to § 703(F), now § 604(H), supports this interpretation:

'Section 703 replaces A.R.S. §§ 13–1649 and 13–1650.

'The code seeks to strengthen the sanctions of the criminal justice "system" by isolating the dangerous and repetitive criminal for longer periods of incarceration. * * * For example, if the offender commits two robberies on two different days and the felonies are consolidated for trial, a conviction for the first robbery may be used to invoke the provisions of § 703 in the event the felon is convicted *on the second count.* However, if the offender commits a robbery, and in order to escape he or she kidnaps the victim, a consolidation of the two felonies with a conviction on the robbery would not subject this "spree offender" to the provisions of § 703 in the event of his conviction for the kidnapping. * * *'

Arizona Criminal Code Commission, Arizona Revised Criminal Code § 703, at 96–97 (1975). (Emphasis supplied)" 126 Ariz. at 576–77, 617 P.2d 527.

See also *State v. Rybolt,* 133 Ariz. 276, 650 P.2d 1258 (1982).

A.R.S. § 13–604(H) pertains to the use of convictions obtained at the same time as prior convictions for purposes of sentence enhancement. *State v. Sanchez,* 130 Ariz. 295, 635 P.2d 1217 (App.1981). We are of the opinion that the respondent judge prematurely determined the question of whether or not convictions of the offenses consolidated for trial could serve as prior convictions for purposes of enhancement. The indictment alleges four separate burglaries and merely because the time span was approximately 24 hours does not necessarily mean the offenses were "committed on the same occasion." It all depends on the evidence as it is adduced at trial.

We are not impressed with the argument of the real parties in interest that an early determination of whether these offenses were committed on the same occasion was necessary to enable them to anticipate the

penalty if they were convicted at a trial and to decide whether or not to plea bargain so as to minimize the potential penalty. In Arizona there is no right to a plea bargain. *State v. Morse,* 127 Ariz. 25, 617 P.2d 1141 (1980). We hold that the respondent court abused its discretion in granting the motion to strike since the evidence had not been heard.

We vacate the order granting the motion to strike and direct that the allegations of prior convictions pursuant to A.R.S. § 13–604(H) be reinstated.

HATHAWAY and BIRDSALL, JJ., concur.