767 P.2d 226

**STATE of Arizona, ex rel., Roderick G. McDOUGALL, Phoenix City Attorney, Plaintiffs–Appellants,**

v.

**The Honorable Louraine R. CRAWFORD, Magistrate; and the Municipal Court of the City of Phoenix, Arizona, and Mike E. Richardson, Defendants–Appellees.**

**1 CA–CIV 88–116.**

Court of Appeals of Arizona, Division 1, Department A.

Jan. 5, 1989.

Roderick G. McDougall, City Atty. by Laurel M. Canham, Asst. City Prosecutor, Phoenix, for plaintiffs-appellants.

Frederick M. Aeed, Phoenix, for defendants-appellees.

OPINION

HAIRE, Presiding Judge.

The state has appealed from the superior court's order dismissing its special action on the ground that the state had a remedy by direct appeal. The special action challenged a city court judge's order striking an allegation of a prior conviction for driving while under the influence (DUI) and sentencing the defendant as a first-time offender. The background facts are as follows.

Appellee Mike E. Richardson (defendant) was charged in Phoenix Municipal Court with DUI, a violation of A.R.S. § 28–692(A), and driving with a blood-alcohol content of .10 percent or more, a violation of A.R.S. § 28–692(B). Shortly thereafter, the state filed an allegation of a prior DUI conviction. On the trial day, defendant entered no contest pleas to the charges.

The city court accepted his pleas and entered findings of guilt. Before sentencing, the city court granted defendant's motion to strike the allegation of a prior conviction, finding the prior conviction invalid. Defendant was then sentenced as a first-time offender, pursuant to A.R.S. § 28–692.01(B).

Convinced that the defendant's prior conviction was valid, the state filed a special action petition in the superior court and requested that court to set aside the order striking the allegation of a prior conviction, vacate the sentence imposed and remand the matter for resentencing consistent with the statutory requirements for a second DUI conviction. Defendant then filed a motion to dismiss the special action. He claimed that the state had an adequate remedy by direct appeal from the city court judgment, and that the state's special action was merely an attempt to avoid the consequences of having failed to timely file an appeal. After taking the matter under advisement, the superior court judge granted the motion to dismiss the special action, stating:

> "On the basis of *State v. Sands*, 145 Ariz. 269, 700 P.2d 1369 (App.1985), the Court finds that the granting of Defendant's motion to strike allegation of prior conviction and subsequent sentencing of Defendant as a nonrepetitive D.W.I. offender is appealable pursuant to A.R.S. § 13–4032(6). While *Sands* dealt with a *Hannah* prior situation, the Court finds that factual distinction to be unimportant here.

> "The availability of an appellate remedy and the State's failure to take advantage of it mandates the granting of Richardson's motion to dismiss."

The state then appealed to this court, seeking to have the superior court's dismissal of its special action set aside.

A.R.S. § 13–4032(6) states in part:

"13–4032. *Appeal by state*

"An appeal may be taken by the state from:

. . . .

"(6) A sentence on the grounds that it is illegal, or if the sentence imposed is

other than the presumptive sentence authorized by § 13–604 or 13–701."

The portion of § 13–4032(6) that authorizes an appeal by the state from a sentence "other than the presumptive sentence" could not be applicable in this case, since there is no presumptive sentence for misdemeanor convictions. *See* A.R.S. § 13–707 concerning misdemeanor convictions in general, and § 28–692.01(B) and (E) relating specifically to permissible sentences for first or second DUI misdemeanor violations. Accordingly, any right to appeal from the sentence imposed in this case that the state might have must be found in the part of § 13–4032(6) that authorizes an appeal from a "sentence on the ground that it is illegal."

In the city court proceedings, defendant was convicted of a first offense violation of § 28–692 and was sentenced as a first offender pursuant to § 28–692.01(B). He was ordered to spend thirty days in jail and fined a total of $373, both within the legal range authorized by § 28–692.01(B) for a first violation of § 28–692. Because this sentence was undeniably legal for the only offense on which defendant was convicted, the state contends that it had no right to appeal and that therefore a special action was appropriate to seek review of the city court's order dismissing the state's allegation of a prior conviction.

In rejecting the state's contention, the trial judge relied on *State v. Sands*, 145 Ariz. 269, 700 P.2d 1369 (App.1985), a decision of Division 2 of this court. Because *Sands* is distinguishable, we find such reliance unjustified.

■ We start from the premise that, in a criminal proceeding, appeals by the state are not favored and cannot be taken in the absence of a constitutional provision or statute clearly conferring that right. *State v. Lelevier*, 116 Ariz. 37, 567 P.2d 783 (1977); *Arizona v. Manypenny*, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). With this viewpoint in mind, we do not believe that the provision of A.R.S. § 13–4032(6) authorizing an appeal by the state from an illegal sentence was intended

to allow the state to appeal from alleged errors committed by the trial judge which result in a failure to *convict* the defendant on all allegations presented by the state. In our opinion, the state's right to appeal from an "illegal sentence" only applies when, based on the conviction or convictions actually occurring in the trial proceedings, the trial judge imposes a sentence that is in violation of statutory mandates. For example, if some prior error by the trial court results in a failure to uphold an allegation of dangerousness or, as is alleged in this case, results in a failure to find the defendant guilty of an alleged prior conviction, the resulting sentence is not illegal within the meaning of § 13–4032(6). To hold otherwise would result in an unintended expansion of the state's right to appeal from error committed by the trial judge in the preconviction phase of the trial court proceedings.

Turning now to *State v. Sands*, the decision relied on by the superior court to support its holding that the state had an adequate remedy by appeal, we note that *Sands* was not a case in which the trial judge had found the prior convictions invalid before sentencing and accordingly had granted a motion to strike the allegations. In *Sands*, the alleged prior convictions had not been stricken, but remained before the court as valid convictions at the time of sentencing.

The defendant in *Sands* had been convicted of charges involving several separate felonies occurring on the same day, and one felony occurring on the following day. At the time the indictment was filed, the state alleged that certain of the offenses charged were prior convictions to certain of the other charges, pursuant to A.R.S. § 13–604(H).[1] The trial judge apparently believed that all the felonies were "spree" offenses within the meaning of the second sentence of § 13–604(H). Accordingly, even though the trial judge recognized the other convictions as valid convictions, he was of the opinion that they were not "prior" convictions for sentence enhancement purposes.

When the defendant in *Sands* appealed challenging the validity of his convictions, the state cross-appealed, contending that the sentences were illegal because the trial judge had refused to apply the admittedly valid convictions as priors to enhance the defendant's sentences.[2] In considering the issue raised by the state, the *Sands* court held that the trial judge correctly ruled that the convictions for felony offenses committed on the same day could not be considered as prior convictions for other felony offenses also committed on the same day. However, the appellate court also ruled that since the felony offenses committed on the first day were alleged as prior offenses for the marijuana offense committed on the second day, the trial judge committed error when he failed to consider them as prior convictions for the purpose of enhancing the sentence on the marijuana offense.

In our opinion *Sands* presents a situation in which the state could validly appeal pursuant to § 13–4032(6), because the state's contention was based on convictions still pending before the court at the time the allegedly illegal sentences were imposed.

Applying the foregoing to the facts before this court, there is no contention that the sentence imposed on the defendant for a first offense DUI was not a legally correct sentence for the conviction before the court. Instead, the state argues that the defendant should also have been found guilty of the prior offense, and that the city court committed error when it found

---

1. A.R.S. § 13–604(H) provides:

   "H. Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

2. Although the appellate court in *Sands* commented that the state was permitted to take such an appeal, referring to the illegal sentence provisions of § 13–4032(6), we note that the state's cross-appeal would also have been valid as a cross-appeal from a "ruling on a question of law adverse to the state when the defendant was convicted and appeals from the judgment." *See* § 13–4032(4).

that the prior conviction was invalid, thereby precluding defendant's conviction on that allegation.

We agree with the state that, based on the only conviction found by the court, no illegal sentence was imposed. The state's contention goes to the city court's alleged prior error in refusing to find that defendant had a valid prior conviction. Therefore, we find that the superior court erred in dismissing the state's special action on the ground that the state could have appealed from the imposition of an illegal sentence.[3]

As an alternative basis for upholding the superior court's order dismissing the state's special action, defendant contends that the state had an adequate remedy by appeal pursuant to A.R.S. § 13-4032(1), which authorizes an appeal by the state from an "order dismissing an indictment, information or complaint or count of an indictment, information or complaint." Defendant argues that the adding of an allegation of a prior conviction operates as an amendment of a complaint or information under Rule 13.5(a), and that therefore the dismissal of such an allegation must be considered as a dismissal of a portion of the complaint. From this premise the argument is made that, since it is plain that § 13-4032(1) gives the state the right to appeal from the striking or dismissal of the entire complaint, the legislature must have intended to give the state the right to appeal a dismissal of a portion of the complaint.

■ Defendant's argument is correct to a degree. By the express terms of § 13-4032(1), the legislature has set forth its intention to give the state the right to appeal from the dismissal of less than the entire complaint or information. However, that right is limited to an appeal from the dismissal of a "count" of the information or complaint. In view of this express lan-

guage, we cannot infer a legislative intent to allow an appeal by the state from the dismissal of a lesser part of the complaint or information. *See State v. Lelevier, supra.* In our opinion, the charging of a substantive offense in a count of an information or complaint cannot be considered as the equivalent of an allegation of a prior conviction. As noted by the Arizona Supreme Court in *State ex rel. Collins v. Udall,* 149 Ariz. 199, 717 P.2d 878 (1986), the allegation of a prior conviction is not even an element of the basic offense that would be charged in a count pursuant to A.R.S. § 28-692. In this connection, we note that changes in an information or complaint relating to allegations of prior convictions as opposed to changes in the charges in the counts of a complaint or information are not treated similarly in the Arizona Rules of Criminal Procedure. *See* Rule 13.5, which gives the prosecutor discretion to add allegations of prior convictions within the time limits prescribed by Rule 16.1(b), but precludes the adding of substantive charges in the counts set forth in a complaint or information.

For the above reasons we reject defendant's alternative contention that A.R.S. § 13-4032(1) gave the state the right to appeal from the city court's dismissal of the allegation of the prior conviction.

The superior court's dismissal of the state's petition for special action is reversed, and the matter is remanded with directions that the superior court consider the petition on its merits.

BROOKS, J., and RICHARD M. DAVIS, J., Pro Tem., concur.

Note: The Honorable Richard M. Davis was authorized to participate in this case by the Chief Justice of the Arizona Su-

---

3. In *State v. Roylston,* 135 Ariz. 271, 660 P.2d 872 (App.1983), Division 2 of this court granted special action relief where, prior to hearing the evidence, the trial judge granted the defendant's motion to strike the state's allegation of prior offenses. In granting special action relief the court stated: "Since the state had no adequate remedy by appeal ... we assume jurisdiction."

*Id.* at 272, 660 P.2d at 873. Since the *Roylston* court did not cite § 13-4032(6), and arguably under the chronological posture presented in *Roylston* special action relief would have been appropriate notwithstanding a possible later remedy by appeal, *Roylston* does not present direct precedent for the result we reach in this opinion.

preme Court pursuant to Ariz. Const. art. VI, § 31.