772 P.2d 1177

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Plaintiff–Appellant,**

v.

**The MUNICIPAL COURT OF THE CITY OF PHOENIX; and the Honorable Michael Carroll, Judge thereof; and Keith E. Johnson and Conrad W. Kurz, Defendants and Real Parties in Interest, Defendants–Appellees.**

**No. 1 CA–CV 88–019.**

Court of Appeals of Arizona, Division 1, Department B.

May 4, 1989.

---

P.2d 153 (1984), and the second prosecution which resulted in the present sentence.

Roderick G. McDougall, Phoenix City Atty. by Michael P. Scott and Laurel Canham, Asst. City Prosecutors, Phoenix, for plaintiff-appellant.

Friedl, Richter & Buri by William E. Moore and Lawrence H. Blieden, Phoenix, for real party in interest Johnson.

Craig Mehrens, P.A. by Craig Mehrens and Amy Wilemon, Phoenix, for real party in interest Kurz.

## OPINION

FIDEL, Presiding Judge.

This is an appeal from an order of the superior court denying special action relief to the state. We hold that the superior court properly declined to interfere with the municipal court's decision to set defendants' motions to strike allegations of prior convictions for pre-trial hearing.

### Background

Keith Johnson and Conrad Kurz, the real parties in interest, are defendants in separate municipal court prosecutions for driving while under the influence of alcohol (DWI). In each case the state alleged prior convictions for purposes of sentence enhancement. In each case the defendant moved before trial to strike or dismiss the allegation of prior conviction. In each case the state opposed setting of these motions for pre-trial hearing, arguing that the trial court would abuse its discretion by hearing a challenge to prior convictions before conviction on the current offense. When Phoenix Municipal Judge Michael Carroll denied the state's motions to vacate hearings, the state filed a special action in the superior court. Judge O'Toole denied special action relief, holding that the municipal court had not abused its discretion in set-

ting pre-trial hearings on defendants' motions.

The state now appeals that judgment, contending that the only proper time for a trial court to hear a motion to strike allegations of prior conviction is after a conviction on the current charge. This court has jurisdiction pursuant to A.R.S. § 12–2101(B) and Rule 8(a), 17B A.R.S. Rules of Procedure for Special Action.

For reasons that follow, we affirm Judge O'Toole's denial of special action relief.

### Rule 19.1(b)

■ On appeal, the state first argues that Rule 19.1(b) of the Arizona Rules of Criminal Procedure precludes the pretrial resolution of a motion to strike or dismiss allegations of prior convictions. We disagree. Rule 19.1(b) states:

In all prosecutions in which a prior conviction is alleged, unless such conviction is an element of the crime charged, the procedure shall be as follows:

(1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

(2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction.

Rule 19.1(b), 17 A.R.S. Rules of Criminal Procedure.

The purpose of the rules of criminal procedure is to protect fundamental rights of the individual and to promote simplicity in procedure and the elimination of delay and unnecessary expense. Rule 1.2, 17 A.R.S. Rules of Criminal Procedure; *State v. Go-*

*mez*, 27 Ariz.App. 248, 553 P.2d 1233 (1976).

Rule 19.1(b) clearly requires a bifurcated *trial* when the state seeks an enhanced sentence due to prior convictions. An obvious reason is "to prevent the jury from being swayed by knowledge of past convictions when deciding the defendant's guilt or innocence of the present charge." *State v. Superior Court*, 27 Ariz.Adv.Rep. 48, 49 (App. Jan. 31, 1989). *See also* 17A A.R.S. Rules of Evidence, Rule 404(b); *State v. Cruz*, 137 Ariz. 541, 672 P.2d 470 (1983); *State v. Martinez*, 109 Ariz. 303, 304, 508 P.2d 1165, 1166 (1973). To avoid prejudice, a defendant is only tried on the existence of prior convictions if he has been convicted of the present offense.

Nothing in this purpose or in the language of the rule prevents pre-trial determination of the validity of a defendant's prior convictions. The rule's protections are inchoate until trial begins. Indeed, if at a pretrial hearing a court finds prior convictions to be constitutionally invalid, the rule does not apply at all.

In short, Rule 19.1(b) is no impediment to a pretrial prior conviction hearing.

### The Roylston Case

The state next cites *State v. Roylston*, 135 Ariz. 271, 660 P.2d 872 (App.1983), for the proposition that a trial court cannot hear a motion to strike an allegation of prior convictions before trial of the case-in-chief. The *Roylston* case concerned "*Hannah* priors"[1] and does not support the state's argument in this case. In *Roylston*, the trial court granted a pretrial motion to strike an allegation of prior conviction, finding that the alleged prior offenses were actually "spree offenses" committed on the same occasion and therefore could not be construed as "*Hannah* priors." Division Two of this court reversed, holding that this purely factual issue should not

---

1. In *State v. Hannah*, the Arizona Supreme Court held that, pursuant to A.R.S. § 13–604(B), a prior felony conviction may be used to enhance punishment even if the prior conviction is obtained after the commission of the principal offense. 126 Ariz. 575, 576, 617 P.2d 527,

528 (1980). However, the court went on to explain that A.R.S. § 13–604(H) clearly "excludes the 'spree offender' ... but includes successive but separate crimes even though the defendant could be convicted of both in a single trial." *Id.* at 576–77, 617 P.2d at 528–29.

have been addressed until all of the evidence concerning the sequence of offenses had been introduced at trial.

The *Roylston* issue is wholly different from that before us. There the trial court was faced with a purely factual determination—were the offenses committed on the same occasion and, therefore, unavailable for consideration as *"Hannah* priors." There, additionally, the same facts pertinent to resolution of the motion were pertinent to the state's case-in-chief. Here, by contrast, the defendants' motions presented issues wholly unrelated to the case-in-chief.

■ We conclude, as Judge O'Toole concluded, that *Roylston* does not apply. Here, the defendants' motions to strike constitute attacks on the constitutional validity of their prior convictions. Unlike *Roylston,* proper consideration of these motions requires resolution of facts wholly unrelated to the elements of the crimes charged. In such matters, we agree with the California Supreme Court's decision in *People v. Coffey* that a pretrial motion to strike allegations of prior convictions "is a proper method by which to ... initiate proceedings to determine [their] constitutional validity." 60 Cal.Rptr. 457, 464, 67 Cal.2d 204, 215, 430 P.2d 15, 22 (1967).

### The Plea Bargain Argument

The state next argues that the only conceivable reason for deciding the validity of the prior convictions pre-trial is to facilitate plea bargaining; the state further argues that *Roylston* "squarely condemns" this purpose. Defendants deny that their motions were *solely* for the purpose of facilitating a plea. They dispute, however, the state's position that this purpose was invalid. Indeed, they argue that they were entitled as a matter of due process to the pretrial resolution of their constitutional challenge to the allegation of prior convictions in order to be able to make intelligent, knowing, and voluntary decisions whether or not to enter a plea at all.

■ We need not reach this issue today. We decide only that the trial court did not abuse its discretion when it decided to hear and decide pretrial motions challenging the constitutional validity of the defendants' prior convictions.

### The Judicial Economy Argument

The state also argues that, in the interest of judicial economy, a challenge to the constitutional validity of a prior conviction must await the conclusion of trial. We find the contrary to be true. Again, the California Supreme Court's decision in *People v. Coffey* is persuasive. In *Coffey* the court stated:

> [I]t is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity....

*People v. Coffey, Id.* at 464, 67 Cal.2d at 215, 430 P.2d at 22.

### Hinson *Argument*

The state next argues that the pretrial resolution of motions to strike "priors" may impede its ability to comply with *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986). *Hinson* requires that a DWI defendant be brought to trial within 150 days of his arrest (120 days if defendant is incarcerated). *Id.* at 311, 723 P.2d at 660. We need not anticipate whether the time devoted to resolution of such motions would be excluded as "delay occasioned by or on behalf of the defendant." Rule 8.4(a), 17 A.R.S. Arizona Rules of Criminal Procedure. Rather, we observe that the trial court may consider any negative impact on the state's ability to be ready for trial in exercising its discretion whether and when to hold pre-trial hearings.

### State's Right of Appeal

■ Finally, appellant asserts that the pretrial granting of a motion to strike allegations of prior convictions may leave the state with no remedy of appellate review. This argument has no merit. The state's rights remain the same whether the motion is heard and decided pre-trial or post-conviction. Recently, in *State v. Crawford* this court discussed the appropriate method

for the state's appeal of an order striking an allegation of prior conviction in a DWI case. 159 Ariz. 339, 767 P.2d 226 (App. 1989). The court found special action review appropriate. *Id.* at 342, 767 P.2d at 229. That procedure is no less appropriate when the motion is granted before trial than when it is granted after conviction.

We conclude that the state suffers no prejudice when a trial court exercises discretion to resolve challenges to allegations of prior convictions before trial.

### Conclusion

We do not address the proper scope of a hearing to resolve a challenge to prior convictions. For the applicable presumptions and burden of proof for such a hearing, see *State ex rel. Colins v. Superior Court of Maricopa County,* 157 Ariz. 71, 754 P.2d 1346 (1988). Our opinion addresses only the question whether such a hearing can be conducted before trial. For the reasons set forth above, we conclude that the municipal court did not abuse its discretion in setting motions to dismiss allegations of prior conviction for pretrial hearing and that the superior court properly denied the state's petition for special action relief.

EUBANK and JACOBSON, JJ., concur.