IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,          )
                               )
                    Appellee,  )      2 CA-CR 2011-0346
                               )      DEPARTMENT B
          v.                   )
                               )      O P I N I O N
WILLIAM PETER MORAN,           )
                               )
                   Appellant.  )
                               )
_____)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20100471001

Honorable Terry Chandler, Judge
Honorable John S. Leonardo, Judge

VACATED IN PART; AFFIRMED IN PART

Thomas C. Horne, Arizona Attorney General
  By Joseph T. Maziarz and Amy Pignatella Cain                    Tucson
                                                    Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                              Tucson
                                                   Attorneys for Appellant

E C K E R S T R O M, Judge.

**¶1** Following a jury trial, appellant William Moran was convicted of four counts of aggravated driving under the influence of an intoxicant (DUI). The trial court sentenced him to concurrent terms of four months' incarceration, pursuant to A.R.S. § 28-1383(D),[1] followed by concurrent five-year terms of probation. On appeal, Moran challenges the legality of his traffic stop and subsequent arrest. He also contends that his out-of-state DUI convictions cannot support his two aggravated DUI convictions under § 28-1383(A)(2). We agree with the latter point and vacate the two convictions and dispositions under that subsection, but we affirm the two remaining convictions and dispositions under § 28-1383(A)(1). We set forth the facts below as they relate to each issue.

## Motion to Suppress

**¶2** Moran first contends the trial court erred in finding reasonable suspicion for his traffic stop and probable cause for his arrest. Although he raised these issues in a pretrial "motion to dismiss" the charges against him, Moran sought to suppress the evidence resulting from his stop and arrest pursuant to Rule 16.2, Ariz. R. Crim. P. On appeal, we therefore characterize the motion as one to suppress. "When reviewing a suppression order entered after a hearing, we consider only the evidence presented at the hearing, which we view in the light most favorable to upholding the trial court's order." *State v. Carlson*, 228 Ariz. 343, ¶ 2, 266 P.3d 369, 370 (App. 2011).

---

[1]Throughout this decision, we cite the version of our traffic statutes applicable in April 2009, at the time of Moran's offenses. *See* 2008 Ariz. Sess. Laws, ch. 286, §§ 12, 15.

2

**Traffic Stop**

¶3　　　　On April 9, 2009, Oro Valley Police Officer Joe Sanchez stopped Moran's vehicle after visually estimating Moran was driving fifty miles per hour where the posted speed limit was thirty-five. Sanchez testified his department had trained him to accurately estimate a vehicle's speed within five miles per hour. In denying the motion to suppress, the trial court deferred to Sanchez's training and found Moran's excessive speed provided justification for the stop.

¶4　　　　A police officer need only have reasonable suspicion that a person is engaged in criminal activity or has violated a traffic law to conduct a stop of a vehicle. *See State v. O'Meara*, 198 Ariz. 294, ¶ 7, 9 P.3d 325, 326 (2000); *State v. Acosta*, 166 Ariz. 254, 256, 801 P.2d 489, 491 (App. 1990). Under this standard, the officer must possess "a particularized and objective basis" for suspecting that the particular person stopped had committed such acts. *State v. Gonzales-Gutierrez*, 187 Ariz. 116, 118, 927 P.2d 776, 778 (1996).

¶5　　　　When reviewing a decision on a suppression motion, "we defer to the trial court's factual findings, including findings on credibility and the reasonableness of the inferences drawn by the officer." *State v. Teagle*, 217 Ariz. 17, ¶ 19, 170 P.3d 266, 271 (App. 2007). A court's legal conclusion regarding the lawfulness of a stop is a mixed question of fact and law, which we review de novo. *State v. Livingston*, 206 Ariz. 145, ¶ 3, 75 P.3d 1103, 1104 (App. 2003).

**¶6** Here, the trial court was in a superior position to evaluate the evidence relating to the vehicle's speed and to assess Officer Sanchez's credibility. *See State v. Estrada*, 209 Ariz. 287, ¶ 2, 100 P.3d 452, 453 (App. 2004); *State v. Ossana*, 199 Ariz. 459, ¶ 8, 18 P.3d 1258, 1260 (App. 2001). We have no basis to second-guess the court's determination that the stop was justified.

**¶7** Moran, however, contends a video taken from the dashboard of Officer Sanchez's vehicle provides "objective evidence" that contradicts his estimation of Moran's speed. This video, which was played during the evidentiary hearing, apparently only showed Moran travelling in his vehicle; it did not display a "speed read-out" or provide a numerical measurement of the car's speed. The trial court therefore correctly noted that the video did not refute a trained officer's estimation of speed. Furthermore, the video was not admitted into evidence. Thus, it cannot provide a basis for reversing the trial court's ruling. *See State v. Rivera*, 168 Ariz. 102, 103, 811 P.2d 354, 355 (App. 1990) ("An appellate court will not speculate about the contents of anything not in the appellate record.").

**Arrest**

**¶8** Moran also claims Officer Sanchez lacked probable cause to arrest him, arguing the officer only collected evidence of alcohol consumption, not actual impairment. "We will review the facts in the light most favorable to the trial court's ruling and will not disturb it absent clear and manifest error." *State v. Howard*, 163 Ariz. 47, 49, 785 P.2d 1235, 1237 (App. 1989). However, we review de novo whether the

4

evidence supported the trial court's determination of probable cause. *State ex rel. McDougall v. Superior Court (Seidel)*, 191 Ariz. 182, 186, 953 P.2d 926, 930 (App. 1997).

¶9 During the traffic stop, Officer Sanchez noted Moran exhibited watery, bloodshot eyes, slurred speech, and the odor of alcohol. Moran could not produce a driver's license for the purpose of identification. Instead, he provided Sanchez a social security number. When Sanchez checked this number, however, he discovered it actually belonged to Moran's wife. Sanchez then asked Moran for his wife's social security number, and the number he produced in response actually belonged to Moran, not his wife. Sanchez next administered a consensual horizontal gaze nystagmus (HGN) test and observed four of the six cues of impairment. He could not observe the fifth and sixth cues of the test because Moran's eyes ceased to follow the stimulus. After Moran refused to undergo a portable breathalyzer test, Sanchez placed him under arrest. The trial court acknowledged the situation presented a close case but nevertheless determined that the totality of the circumstances provided probable cause for arrest. We agree.

¶10 Section 13-3883(A), A.R.S.,[2] allows a peace officer to make an arrest if he or she has probable cause to believe a felony or misdemeanor has been committed in the officer's presence and the person arrested has committed the crime. "A police officer has probable cause when reasonably trustworthy information and circumstance would lead a person of reasonable caution to believe that a suspect has committed an offense." *State v.*

---

[2]We cite the current version of the statute, as its material provisions have not changed since Moran's arrest. *See* 2010 Ariz. Sess. Laws, ch. 113, § 6.

*Hoskins*, 199 Ariz. 127, ¶ 30, 14 P.3d 997, 1007-08 (2000), *vacated in part on other grounds*, 204 Ariz. 572, ¶ 8, 65 P.3d 953, 955 (2003). In the DUI context, "probable cause does not require law enforcement 'to show that the operator was in fact under the influence'; '[o]nly the probability and not a prima facie showing of intoxication is the standard for probable cause.'" *State v. Aleman*, 210 Ariz. 232, ¶ 15, 109 P.3d 571, 576 (App. 2005), *quoting Smith v. Ariz. Dep't of Transp.*, 146 Ariz. 430, 432, 706 P.2d 756, 758 (App. 1985) (alteration in *Aleman*). "When assessing whether probable cause exists, 'we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *State v. Dixon*, 153 Ariz. 151, 153, 735 P.2d 761, 763 (1987), *quoting Brinegar v. United States*, 338 U.S. 160, 175 (1949).

¶11 In arresting Moran for a suspected violation of A.R.S. § 28-1381(A)(1), Officer Sanchez concluded it was probable that he was "impaired to the slightest degree" due to the influence of "intoxicating liquor." When making this determination, the officer was permitted to draw inferences based on his training and experience. *State v. Superior Court*, 149 Ariz. 269, 275, 718 P.2d 171, 177 (1986). Given the odor of intoxicants coming from Moran, his confusion about his basic identifying information, and his performance on the HGN test, there was a likelihood he had been driving a vehicle in violation of § 28-1381. *See State v. Miller*, 226 Ariz. 190, ¶ 10, 245 P.3d 454, 456 (App. 2011) (impaired judgment from alcohol consumption could violate statute; evidence of bad driving unnecessary to establish DUI). Although Moran contends his medical

6

conditions and other circumstances could have accounted for some of the apparent signs of impairment observed by Officer Sanchez, we conclude a reasonably cautious person would find it probable that Moran was driving while impaired by alcohol to the slightest degree. Accordingly, we find no error in the trial court's denial of the motion to suppress evidence.

## Prior Convictions

¶12        As he argued below, Moran next contends his prior DUI convictions from Nevada cannot be used as prior convictions for the purpose of establishing aggravated DUI under A.R.S. § 28-1383(A)(2). This statute is triggered when a person

> [w]ithin a period of eighty-four months . . . is convicted of a violation of section 28-1381, section 28-1382 or this section and has previously been convicted of . . . acts in another jurisdiction that if committed in this state would be a violation of section 28-1381, section 28-1382 or this section.

¶13        Before trial, Moran filed two motions to dismiss the allegations of his prior convictions from Nevada, arguing there were numerous ways a person could be guilty of DUI in that state without violating any of Arizona's DUI laws. The state filed a response opposing the motion along with a supplement that included copies of the Nevada complaints and Moran's most recent guilty plea. The complaints cited only Nevada's general DUI laws, but they contained allegations that specifically described subsection (1) of Nevada Revised Statutes ("N.R.S.") § 484.379 (2005).[3] At the hearing that followed,

---

[3]The complaints both alleged Moran

7

the state maintained the general differences between the states' DUI statutes were irrelevant because the subsection under which Moran was convicted "substantially correlate[d]" with Arizona DUI law. The trial court denied the motion to dismiss, finding there was "strict conformity between the subsection of the statute under which [Moran] was convicted in Nevada and the Arizona statute."

¶14 At trial, the state accordingly presented evidence that Moran had two prior DUI convictions from Elko County, Nevada. A copy of the first judgment of conviction established Moran was convicted of DUI as defined by N.R.S. §§ 484.379 and

---

drove or was in actual physical control of a vehicle . . . while: under the influence of intoxicating liquor; or having a concentration of alcohol of 0.08 or more in his/her blood or breath; or was found to have, by measurement, within two hours after driving or being in actual physical control of a vehicle, to have a concentration of alcohol of 0.08 or more in his/her blood or breath.

At the time, N.R.S. § 484.379 provided:

1. It is unlawful for any person who:

(a) Is under the influence of intoxicating liquor;

(b) Has a concentration of alcohol of 0.08 or more in his blood or breath; or

(c) Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his blood or breath,

to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

8

484.3792(1)(a) for an offense committed on June 28, 2005. The other judgment showed he was convicted of DUI under N.R.S. §§ 484.379 and 484.3792(1)(b) for an offense committed on September 23, 2005. Neither the Nevada complaints nor any other evidence was admitted at trial to provide further details of the prior convictions.[4] The jury subsequently found Moran guilty of aggravated DUI with two prior convictions while impaired to the slightest degree (count three), *see* A.R.S. §§ 28-1381(A)(1), 28-1383(A)(2), and aggravated DUI with two prior convictions and an alcohol concentration of at least .08 (count four), *see* A.R.S. §§ 28-1381(A)(2), 28-1383(A)(2).[5]

¶15 Prior qualifying convictions within the statutory timeframe are elements of aggravated DUI under A.R.S. § 28-1383(A)(2) that must be proven by the state and found by the trier of fact beyond a reasonable doubt. *State ex rel. Romley v. Galati ex rel. Maricopa Cnty. (Petersen)*, 195 Ariz. 9, ¶¶ 10-12, 985 P.2d 494, 496 (1999); *see State v. Brito*, 183 Ariz. 535, 537, 905 P.2d 544, 546 (App. 1995) (discussing predecessor statute A.R.S. § 28-692.02(A)(2)); *State v. Superior Court (Walker)*, 176 Ariz. 614, 616, 863 P.2d 906, 908 (App. 1993) (discussing predecessor statute A.R.S. § 28-697). In a jury trial for aggravated DUI, the state must establish "the nature of the prior offenses," *Petersen*, 195 Ariz. 9, ¶ 15, 985 P.2d at 497, and the responsibility for determining the

---

[4]The state filed an extensive packet of Nevada documents at trial for purposes of the record, but it was not admitted into evidence or shown to the jury.

[5]Moran has not challenged his convictions for aggravated DUI with a revoked license while impaired to the slightest degree (count one), *see* A.R.S. §§ 28-1381(A)(1), 28-1383(A)(1), or driving with a revoked license and an alcohol concentration of at least .08 (count two), *see* A.R.S. §§ 28-1381(A)(2), 28-1383(A)(1).

elements of the offense "cannot be delegated, in part, to the trial judge." *Id.* ¶ 12. Nevertheless, a defendant may seek to disqualify a prior conviction before trial, as a matter of law, on the ground the prior criminal act would not have violated Arizona's DUI laws had it been committed in this state. *See State v. Colvin*, 231 Ariz. 269, ¶¶ 4-8, 293 P.3d 545, 547-48 (App. 2013) (concluding trial court has discretion to make pretrial ruling regarding out-of-state DUI convictions); *cf. State ex rel. McDougall v. Municipal Court (Carroll)*, 160 Ariz. 324, 325-26, 772 P.2d 1177, 1178-79 (App. 1989) (allowing pretrial challenge to prior DUI conviction used for enhancement).

¶16            When comparing a foreign conviction to Arizona DUI laws, we analyze the statutory elements of the offenses in the same manner set forth in *State v. Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d 753, 755 (2007). *See Colvin*, 231 Ariz. 269, ¶ 9, 293 P.3d at 548-49.[6] Under this test, the foreign conviction must "include[] 'every element that would be required to prove an enumerated Arizona offense.'" *Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d at 755, *quoting State v. Ault*, 157 Ariz. 516, 521, 759 P.2d 1320, 1325 (1988). In other words, the foreign conviction must "entail[] a finding by the former trier of fact, beyond a reasonable doubt," of all the elements necessary for a specified Arizona offense. *State v. Norris*, 221 Ariz. 158, ¶ 6, 211 P.3d 36, 38 (App. 2009). A charging document or judgment of conviction may be used only to narrow the statutory basis of the foreign

---

[6]Although the former A.R.S. § 13-604(N) discussed in *Crawford* required a foreign "offense" to be compared with Arizona law, 2003 Ariz. Sess. Laws, ch. 11, § 1, whereas A.R.S. § 28-1383(A)(2) requires a person to have been "convicted of . . . acts" that would violate Arizona DUI laws, the parties have not argued that this difference in statutory language should have any impact on our analysis here.

10

conviction, not to establish the conduct underlying it. *Id.* As *Colvin* emphasized, "we do not examine the underlying factual basis" of a foreign conviction. 231 Ariz. 269, ¶ 9, 293 P.3d at 548. Instead, we "determine whether there is any scenario under which it would have been legally possible for [the defendant] to have been convicted of a violation of [the foreign statute] but not of § 28-1381." *Colvin*, 231 Ariz. 269, ¶ 9, 293 P.3d at 548. "Whether acts which resulted in a conviction in another state would violate Arizona law is a question we review *de novo*." *Id.* ¶ 5.

¶17 Here, the parties disagree about whether the prior convictions were properly narrowed to a particular subsection of Nevada law. But we need not decide this issue to dispose of the appeal.[7] Assuming arguendo the offenses were narrowed to N.R.S. § 484.379(1), we cannot overlook that there are at least two ways in which a conviction under this subsection does not achieve "'strict conformity'" with our statutes. *Crawford*, 214 Ariz. 129, ¶ 7, 149 P.3d at 755, *quoting State v. Clough*, 171 Ariz. 217, 219, 829 P.2d 1263, 1265 (App. 1992).

¶18 First, Nevada does not always require proof of when a person consumed alcohol to convict that person of DUI. In Arizona, the offense of having "an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical

---

[7]Determining whether an out-of-state conviction is equivalent to an Arizona DUI offense necessarily involves questions about the other state's laws and records. *See Goulder v. Ariz. Dep't of Transp.*, 177 Ariz. 414, 417, 868 P.2d 997, 1000 (App. 1993). Yet the jury here was not provided any instructions or evidence relating to the Nevada statutes cited in the judgments. Nor was the jury instructed it had to determine whether Moran was convicted of acts in Nevada that would have violated Arizona law. Because the parties have not addressed this aspect of the sufficiency of the evidence in their briefs, we do not resolve the appeal on this ground.

control of the vehicle" requires the state to prove "the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle." A.R.S. § 28-1381(A)(2). The relative time of consumption is an element of the offense.

¶19 Nevada, by contrast, only requires that a person be "found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his blood or breath." N.R.S. § 484.379(1)(c). The law provides:

> If consumption is proven by a preponderance of the evidence, it is an affirmative defense . . . that the defendant consumed a sufficient quantity of alcohol after driving or being in actual physical control of the vehicle, and before his blood or breath was tested, to cause him to have a concentration of alcohol of 0.08 or more in his blood or breath.

N.R.S. § 484.379(4). Arizona abolished a similar affirmative defense by statutory changes made in the year 2000. *See State v. Poshka*, 210 Ariz. 218, ¶ 11, 109 P.3d 113, 116-17 (App. 2005). Given this difference in the elements of the offenses, a conviction under the Nevada statute would not entail a finding, beyond a reasonable doubt, of all the elements necessary to prove a violation of A.R.S. § 28-1381(A)(2).

¶20 Second, Arizona and Nevada have slightly different definitions for the statutory phrase "actual physical control." A.R.S. § 28-1381(A); N.R.S. § 484.379(1). Here, an analysis of statutory elements requires consideration of relevant case law. *Colvin*, 231 Ariz. 269, ¶ 9, 293 P.3d at 548-49. In Nevada, "a person is in actual physical control when the person has existing or present bodily restraint, directing influence,

12

domination, or regulation of the vehicle." *Rogers v. State*, 773 P.2d 1226, 1228 (Nev. 1989). Determining whether a person exercised such influence or dominion, in turn, requires the trier of fact to consider and weigh a number of factors. *Barnier v. State*, 67 P.3d 320, 323 (Nev. 2003). Arizona likewise requires fact finders to assess the totality of the evidence and to consider similar factors when determining actual physical control, but those considerations ultimately require fact finders "to decide if a defendant 'actually posed a threat to the public.'" *State v. Zaragoza*, 221 Ariz. 49, ¶ 21, 209 P.3d 629, 635 (2009), *quoting State v. Love*, 182 Ariz. 324, 326, 897 P.2d 626, 628 (1995). Because Nevada's law does not require a showing of danger to the public, the elements of these offenses differ, and a conviction based on actual physical control under N.R.S. § 484.379 (1)(b) or (c) would not automatically result in a conviction under A.R.S. § 28-1381(A)(2) if the same acts were committed in Arizona.

¶21 Accordingly, we agree with Moran's conclusion that the state failed to prove every element of the aggravated DUI offenses under A.R.S. § 28-1383(A)(2) beyond a reasonable doubt. We recognize that this result may seem counterintuitive, but such results are not uncommon when comparing the elements of foreign offenses. *See, e.g.*, *Norris*, 221 Ariz. 158, ¶ 10 & n.5, 211 P.3d at 39-40 & 40 n.5. Perhaps because of this shortcoming, our legislature has changed our laws in title 13 regarding enhanced criminal sentences, thereby superseding *Crawford* and greatly simplifying the use of out-of-state historical prior felony convictions. *See* 2012 Ariz. Sess. Laws, ch. 190, §§ 1-2 (amending A.R.S. §§ 13-105 and 13-703(M)). The terms of our aggravated DUI statute,

13

however, continue to specify that this substantive offense requires any prior DUI conviction to establish a violation of Arizona law, had the out-of-state act been committed here. *See* A.R.S. § 28-1383(A)(2); *Goulder v. Ariz. Dep't of Transp.*, 177 Ariz. 414, 416, 868 P.2d 997, 999 (App. 1993) (specific inclusion of Arizona's DUI statute in law indicates legislative intent to exclude certain out-of-state convictions). If the legislature wishes to allow generic DUI offenses committed in other states to establish aggravated DUI, or if it wishes to specify a different test for determining which foreign convictions expose a person to aggravated DUI charges in Arizona, the legislature remains free to do so.[8]

¶22    In sum, we conclude the trial court erred when it denied Moran's motion to dismiss the allegations of prior DUI convictions. The Nevada offenses do not conform to Arizona law insofar as a finding of guilt in that state would not necessarily establish a violation of A.R.S. § 28-1381. Because the evidence at trial was thus insufficient to support Moran's convictions on counts three and four, we vacate these convictions and dispositions. *See Peak v. Acuña*, 203 Ariz. 83, ¶ 8, 50 P.3d 833, 835 (2002) (reversal based on insufficient evidence "is, in effect, an implied acquittal" that "precludes retrial"). We do not reduce these felony offenses to lesser-included misdemeanors, as

---

[8]New Mexico, for example, broadly defines a prior DUI conviction as "a prior conviction in . . . any . . . jurisdiction . . . of the United States . . . when the criminal act is driving under the influence of alcohol or drugs." N.M. Stat. Ann. § 66-8-101(E)(2). Colorado, by contrast, employs a narrow definition similar to our own. *See* Colo. Rev. Stat. § 42-4-1307(9) ("[A] person shall be deemed to have a previous conviction for DUI . . . if the person has been convicted . . . under the laws of any other state . . . of an act that, if committed within this state, would constitute the offense of DUI . . . .").

14

Moran has requested, because his aggravated DUI convictions pursuant to A.R.S. § 28-1383(A)(1) on counts one and two included the same misdemeanor DUI offenses and resulted from the same conduct. As part of the constitutional protection against double jeopardy, a defendant convicted of an offense cannot be punished for a lesser-included offense of that crime. *State v. Bercerra*, 231 Ariz. 200, ¶ 20, 291 P.3d 994, 999 (App. 2013); *State v. Welch*, 198 Ariz. 554, ¶ 6, 12 P.3d 229, 231 (App. 2000).

**Disposition**

**¶23**     For the foregoing reasons, the convictions and dispositions on counts one and two are affirmed and those on counts three and four are vacated.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge