NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

DOMINGO R. FRANCISCO, *Appellant*.

Nos. 1 CA-CR 16-0221
1 CA-CR 16-0229
1 CA-CR 16-0234
FILED 3-21-2017

---

Appeal from the Superior Court in Maricopa County
Nos.  CR 1997-095578
CR 2010-030787-001
CR 2015-104420-001
Honorable Jay R. Adleman, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By William Simon
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

**M c M U R D I E**, Judge:

**¶1**        Domingo Ray Francisco ("Defendant") appeals his convictions and sentences in these consolidated cases. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        In 1997, in Maricopa County cause number CR1997-095578, Defendant pled no contest to two counts of armed robbery, non-repetitive and non-dangerous class 2 felonies, and one count of aggravated assault, a non-repetitive and non-dangerous class 3 felony. Defendant was sentenced to seven years in the Arizona Department of Corrections for both counts of armed robbery to be served concurrently. The sentence on the aggravated assault conviction was suspended and Defendant was placed on probation for a term of four years, commencing upon the completion of Defendant's incarceration on the armed robbery convictions.

**¶3**        On June 9, 2009, Defendant's probation term was extended for a period of three years based on Defendant's failure to pay restitution. In July 2009, Defendant's probation officer filed a petition to revoke Defendant's probation based on allegations that Defendant had committed new criminal offenses. The court issued a bench warrant for Defendant's arrest. Defendant was incarcerated in a federal facility at the time the bench warrant was issued, having been sentenced to a term of 30 months, imposed on January 4, 2010, in CR2009-00816-001-PHX-JAT.

**¶4**        Defendant ultimately pled guilty in Maricopa County cause number CR2010-030787 to unlawful flight from a law enforcement vehicle, a class 5 non-dangerous, non-repetitive offense. The court suspended the imposition of a sentence in CR2010-030787 and placed Defendant on intensive probation to begin after Defendant's release from federal prison. In CR1997-095578, the court reinstated Defendant on probation for a term of four years to begin upon release from federal custody, but increased the

supervision level to intensive probation. Both probationary terms were ordered to run concurrently.

¶5            In February 2015, Defendant was indicted on one count of burglary in the first degree, a dangerous class 2 felony, and one count of aggravated assault, a dangerous class 3 felony. The State filed various pre-trial motions, including the allegation that Defendant used a deadly weapon during the commission of the offense, and was on probation for the "serious offense of Armed Robbery."

¶6            A six-day jury trial took place in September 2015 and the jury found Defendant guilty of burglary in the first degree and aggravated assault. The jury also found the crimes were dangerous, and the offenses caused physical, emotional, or financial harm to the victim on both counts. During the aggravation portion of the trial, the State called Lane Gunderson, a probation officer with the Maricopa County Adult Probation Department. The probation officer testified that Defendant was on probation for unlawful flight from law enforcement from the 2010 conviction, and aggravated assault—*not armed robbery*—from the 1997 conviction.

¶7            The State moved to amend the allegation that Defendant committed the instant offenses while on release to reflect Defendant was in fact on probation for aggravated assault, not armed robbery. The State argued, pursuant to Arizona Rule of Criminal Procedure 13.5(b), that the amendment to change the name of the allegation was technical in nature. Defendant moved for a directed verdict pursuant to Arizona Rule of Criminal Procedure 20 as to all aggravating factors and specifically the allegation under § 13-708(B), arguing, *inter alia*, the State had not met its burden in proving Defendant was on probation for *armed robbery* as set forth in the State's allegation. Defendant claimed the allegation provided improper notice and prejudiced his defense.

¶8            The superior court allowed the amendment to the allegation that Defendant was on release during the commission of the crime, finding Defendant had sufficient notice and the amendment itself was a technical amendment as opposed to substantive. The jury found Defendant was on probation for both aggravated assault and unlawful flight, and the superior court found Defendant had two prior felony convictions of armed robbery. At sentencing, the superior court proceeded to sentence Defendant under Arizona Revised Statutes ("A.R.S.") section 13-708(B) and -703(C) as a

category three non-dangerous but repetitive offender, or alternatively, under A.R.S. § 13-704(B) and (D) as a dangerous, repetitive offender.[1]

**¶9** At sentencing, Defendant argued the § 13-708(B) allegation should be stricken, and that he was placed in the incorrect sentencing category. The court considered the argument as a motion to reconsider and it was summarily denied. Defendant also argued the case should be referred pursuant to A.R.S. § 13-603(L). The superior court denied that motion as well.

The superior court, in considering mitigating factors, revoked Defendant's probation regarding the 1997 matter, and sentenced Defendant to a mitigated term of 2.5 years' incarceration with 807 days' presentence incarceration credit. The court revoked probation as to the 2010 matter and sentenced Defendant to a presumptive term of 1.5 years' incarceration with 583 days' presentence incarceration credit to run concurrently with the 1997 matter.

The superior court sentenced Defendant to a mandatory minimum of 28 years' incarceration regarding the burglary in the first degree as mandated by A.R.S. § 13-708(B), and 20 years' incarceration for the aggravated assault to run concurrently with each other and consecutively to the sentences imposed on the probation matters.

**¶10** Defendant filed timely notices of appeal and the matters were consolidated. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶11** An amendment to a sentencing allegation is reviewed for an abuse of discretion. *State v. Johnson*, 198 Ariz. 245, 247, ¶ 4 (App. 2000). Whether a trial court applied the correct sentencing statute is reviewed *de novo*. *State v. Hollenback*, 212 Ariz. 12, 16, ¶ 12 (App. 2005). We view the facts and any reasonable inferences in the light most favorable to sustaining the convictions. *Id.* at 14, ¶ 2.

**¶12** Defendant argues, citing *State v. Freeney*, that the amendment to the allegation that Defendant was on probation for a serious offense is not technical in nature because the elements of aggravated assault and

---

[1] Absent material revision after the date of an alleged offense, we cite to a statute's and rule's current version.

armed robbery materially differ. He also argues the State cannot change the nature of the offense charged, and by doing so caused him prejudice. 223 Ariz. 110, 112, ¶ 11 (2009). We disagree.

**¶13** Rule 13.5(b) states: a "charge may be amended only to correct mistakes of fact or remedy formal or technical defects . . . ." "A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Bruce*, 125 Ariz. 421, 423 (1980). Charges in an indictment and sentencing allegations are not procedural or substantive equivalents. *State ex rel. McDougall v. Crawford*, 159 Ariz. 339, 342 (App. 1989).

**¶14** In *McDougall*, we held the Arizona Rules of Criminal Procedure do not uniformly apply to amendments related to the information or complaint and amendments related to sentencing allegations. *McDougall*, 159 Ariz. at 342; *see State ex rel Collins v. Udall*, 149 Ariz. 199, 200 (1986) (a prior conviction may increase the punishment for a repeat offender but it does not, by itself, create a different crime.) More importantly, *McDougall* noted a difference between an amendment pursuant to Rule 13.5(a) and 13.5(b), indicating the prosecutor has discretion to add allegations of prior convictions within the time frame prescribed by Rule 16.1(b), but nevertheless is precluded from adding substantive charges to the complaint and may only amend it to correct mistakes of fact or technical defects. *McDougall*, 159 Ariz. at 342. In *State v. Cons*, this court noted amending a sentencing allegation to conform to the evidence was not error, because it "did not so alter the nature of the allegation that Cons was deprived of the notice to which he was entitled." 208 Ariz. 409, 412, ¶ 6 (App. 2004).

**¶15** While the distinction exists to illustrate the types of amendments allowable under each sub-section, and the time frame in which to do so, we reach the same analysis of notice and prejudice under either sub-section. *See State v. Lehr*, 227 Ariz. 140, 153–54 (2011) (analyzing an amendment to a notice of aggravators under 13.5(a) and 13.5(b) when the time requirement under Rule 16.1(b) had not been met, the amendment would only be allowed if it was technical or to correct mistakes of fact).

**¶16** In this case, the State sought to amend the sentencing allegation that indicated Defendant was on probation for "armed robbery," when in fact, Defendant was on probation for "aggravated assault" in the same cause number. The State relied on Rule 13.5(b), arguing the amendment from armed robbery to aggravated assault was merely technical because the enhancement only required proof that Defendant was

*on release from a serious offense*, and because both offenses are serious offenses, there would be no prejudice. *See* A.R.S. § 13-708(B), (C). The superior court granted the motion to amend, over Defendant's objection, finding it was merely technical and Defendant had sufficient notice.

¶17 The record supports the superior court's finding. The State had given proper notice of its intent to use Defendant's release status from a serious offense to enhance Defendant's sentence as early as April 2015. The State disclosed it would call Defendant's probation officer to testify as to Defendant's on-release status, and provided Defendant the sentencing minute entries which showed Defendant was on probation for "aggravated assault," not "armed robbery" as set forth in the § 13-708(B) notice. The probation officer's testimony was consistent with the sentencing minute entries provided in discovery.

¶18 In determining whether Defendant was prejudiced by the error in the State's notice, the controlling inquiry turns to whether Defendant had sufficient notice, suffered from any surprise or prejudice, and whether he had ample opportunity to prepare to defend against the amended allegation. *State v. Sammons*, 156 Ariz. 51, 54−55 (1988) (court drew no distinction between 13.5(a) and (b) for sentencing enhancement amendment); *Cons*, 208 Ariz. at 611, ¶ 6. Defendant offered no evidence regarding how he was surprised or unable to defend against the on-release charge.

¶19 Under A.R.S. § 13-708(B), "a person who is convicted of a dangerous offense that is committed while the person is *on release* . . . for a conviction of a serious offense as defined in § 13-706, . . . shall be sentenced to the maximum sentence authorized under this chapter . . . ." (emphasis added). Thus, the State was required to give Defendant notice it intended to use Defendant's on-release status from a serious offense as a sentencing enhancement. Which serious offense Defendant was on probation for (aggravated assault or armed robbery), was immaterial to the ultimate sentence to be imposed. Defendant was on notice the State would seek the sentencing enhancement as early as April 2015, when the State filed its allegation. The State provided notice of the sentencing minute entries and that it would be calling Defendant's probation officer. This record demonstrates that Defendant had ample opportunity to defend against the State's sentencing allegation. This is distinguishable from *State v. Sammons*, upon which Defendant relies. 156 Ariz. at 54.

¶20 In *Sammons*, the State's motion to amend did not provide defendant with sufficient notice because there were two different causes in

which defendant was on parole—both deriving from different counties and cause numbers. *Id.* Furthermore, the State's motion to amend was made after the enhancement proceedings on prior convictions had concluded. *Id.* at 55. This is markedly distinguishable from the matter before the court. Here, the State moved to amend the allegation prior to resting its case and the Defendant had independent notice he was on probation, as he was regularly meeting with his probation officer. Additionally, both the armed robbery and aggravated assault stem from the same 1997 Maricopa County cause number. Defendant also had notice from the sentencing minute entries that were disclosed and entered into evidence.

**¶21** Aggravated assault and armed robbery are both serious offenses under § 13-706. A.R.S. § 13-706(F)(1)(d), (F)(1)(h). Section 13-708(B) requires proof the Defendant was on release for a conviction of a serious offense. It is a legal determination whether the probationary offense qualifies as a serious offense under the statute. The amendment to the allegation in this instance is immaterial given both convictions (armed robbery and aggravated assault) are serious offenses under § 13-706(F). Accordingly, we find Defendant was not prejudiced by the amendment to the allegation.

**¶22** Because Defendant had sufficient notice of his on-release status, and the amendment did not cause prejudice, we find the superior did not err.

## CONCLUSION

**¶23** Accordingly, we affirm Defendant's sentences and convictions.



AMY M. WOOD • Clerk of the Court
FILED: AA