NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DREW MICHAEL WITZIG, *Appellant*.

No. 1 CA-CR 17-0006
FILED 12-5-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201600090
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Legal Advocate Attorney's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1 Following a jury trial, defendant Drew Michael Witzig was convicted of one count of possession of dangerous drugs for sale and one count of possession of drug paraphernalia. Witzig appeals the superior court's denial of his motion to suppress evidence obtained at a traffic stop. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On the night of January 17, 2016, Officer Holstrom was parked parallel to a two-lane road in her marked patrol vehicle. The area was dark, and, as Officer Holstrom was observing traffic, she saw a taxi drive by within the 25 mile-per-hour speed limit. When the taxi was "approximately 10 feet or less" past her position, Officer Holstrom could not see its license plate because it did not appear to be lit. She then initiated a traffic stop due to the unilluminated license plate. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-925(C).

¶3 Prior to making the stop, Officer Holstrom had information that a person with a felony warrant named "Drew" was "possibly in a taxicab in the area," but she testified she was not specifically looking for taxis and did not intend to stop all taxis that passed her. When she approached the vehicle, Officer Holstrom contacted the driver and noticed a passenger was in the right-rear seat. She recognized the passenger as Witzig. Her attention was drawn to Witzig because "[h]e was fidgeting his feet" and "holding his right pocket of his pants." Based on Witzig's conduct, Officer Holstrom searched the taxi and discovered drugs and drug paraphernalia belonging to Witzig.[1]

¶4 As a result of evidence seized from the stop, Witzig was indicted on felony drug-related charges. Officer Holstrom did not inspect the taxi's license plate light or issue the driver a citation. The taxi driver testified she did not check the license plate light after the stop to see if it was operational.

¶5 Witzig filed a motion to suppress the seized evidence on the basis that the automobile stop was unlawful and in violation of his Fourth Amendment rights. Witzig argued Officer Holstrom's knowledge of

---

[1] In his motion to suppress, Witzig challenged only the stop, not the accompanying search.

someone with a warrant traveling in a taxi, along with her failure to inspect the taxi or issue the driver a citation, demonstrated that she had stopped the taxi on a pretext. The superior court denied the motion, finding Officer Holstrom acted in a reasonable manner when she made the traffic stop after she was not able to view the taxi's license plate, pursuant to A.R.S. § 28-925(C).

¶6        A jury convicted Witzig as noted above. The superior court sentenced him to presumptive, concurrent prison terms as a repetitive offender. Witzig timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶7        Witzig challenges the superior court's denial of his motion to suppress, arguing Officer Holstrom lacked objectively reasonable suspicion of a violation to perform the traffic stop. "We review the facts in the light most favorable to sustaining the ruling on a motion to suppress[,]" and confine our review to only those facts presented at the suppression hearing. *State v. Starr*, 222 Ariz. 65, 68, ¶ 4 (App. 2009). We defer to the superior court's factual findings, "including findings on credibility and the reasonableness of the inferences drawn by the officer[,]" but review its conclusions of law *de novo*. *State v. Moran*, 232 Ariz. 528, 531, ¶ 5 (App. 2013).

¶8        An officer needs only reasonable suspicion of a traffic violation to justify a traffic stop under the Fourth Amendment. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014); *see also State v. Salcido*, 238 Ariz. 461, 464, ¶ 7 (App. 2015) (holding a stop must be based on an officer's "articulable, reasonable suspicion that the person has committed a traffic violation."). Reasonable suspicion exists when the totality of the circumstances provides a "particularized and objective basis" for suspecting a person has violated the law. *State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). An officer is not required to determine that an actual violation has occurred before stopping a vehicle for investigation. *State v. Nevarez*, 235 Ariz. 129, 133, ¶ 7 (App. 2014).

¶9        As relevant here, A.R.S. § 28-925(C) requires that a lamp "be constructed and placed in a manner that illuminates with a white light the rear license plate and renders it clearly legible from a distance of fifty feet to the rear." Further, under A.R.S. § 28-1594, police may stop and detain a

person when reasonably necessary to investigate an actual or suspected traffic violation.

¶10 The facts presented at the suppression hearing support the conclusion that Officer Holstrom had at least reasonable suspicion sufficient to initiate a traffic stop. Officer Holstrom testified she stopped the taxi that night because, since the plate was not illuminated, she could not read its license plate from approximately ten feet away and this constituted a traffic offense. *See* A.R.S. § 28-925(C). The superior court found the officer had reasonable suspicion of a traffic violation to justify the stop. The court did not abuse its discretion in finding Officer Holstrom's testimony credible and denying Witzig's motion to suppress evidence obtained as a result of the traffic stop.

¶11 Witzig also argues that because Officer Holstrom received information that a person named "Drew," who had a felony warrant, would be a passenger in a taxi in the area, her stated reason for the stop was pretextual. Even if this was Officer Holstrom's subjective reason for the stop, her subjective intent does not invalidate the otherwise lawful traffic stop. *See Whren v. United States*, 517 U.S. 806, 813 (1996) (holding the reasonableness of traffic stops does not depend on the actual motivations of the officers involved); *see also Jones v. Sterling*, 210 Ariz. 308, 311, ¶ 11 (2005) ("[E]vidence seized as a result of a traffic stop meeting 'normal' Fourth Amendment standards is not rendered inadmissible because of the subjective motivations of the police who made the stop.").

¶12 Lastly, Witzig argues the superior court "improperly based its decision in part on its own experience" with traffic stops.[2] We disagree.

---

[2] After finding Officer Holstrom credible and the stop lawful, the court stated:

> . . .

> It doesn't matter to the Court that [Officer Holstrom] didn't issue an equipment repair order, a citation, or contacted the cab owner. I've been stopped many times for having supposedly license plates out and -- and taillights out and headlights out, and I never had a written equipment warning issued to me. Typically[,] it's a traffic stop where the officer simply taps me on the shoulder and says, [b]y the way,

The court properly found the stop lawful, as discussed *supra* ¶ 10, by considering the circumstances that led Officer Holstrom to initiate the stop. *See Gonzalez-Gutierrez*, 187 Ariz. at 118. The court's comments recognizing that an officer has discretion to issue a citation after executing a stop are irrelevant to determining whether the stop was lawful. *See, e.g.*, *United States v. Willis*, 431 F.3d 709, 716-17 (9th Cir. 2005) (upholding a stop when the officer issued no traffic citations but "could have relied on the traffic violation as a justification" for the stop).

## CONCLUSION

**¶13**　　　　For the foregoing reasons, we affirm Witzig's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

your right rear license -- your right rear taillight is out, get it fixed.

So[,] I never received any sort of paperwork, so I don't think that's probably a real common thing, if, again, an officer is simply making a stop for an equipment violation.